JOHN O. WAGNER & another *vs.* ALTON A. ALLEN.

Bristol.    October 23, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Construction of Contract — Instructions.*

A. and B. executed a contract by which A. agreed to furnish the labor and ma-
terials for concreting a bicycle track, and B. agreed to pay A. a certain sum per
square yard for the concreting " in instalments in proportion as the work pro-
gresses, but not to exceed at any time eighty-five per cent of the estimated cost
of the work executed, and the balance thirty-one days after the said work shall
have been completely finished and delivered and accepted, unless some defect
shall meanwhile have been discovered on said work." *Held,* in an action by A.
against B. to recover a balance claimed to be due, that the discovery of a defect
in the work within thirty-one days after the completion and delivery of it would
not work a forfeiture of the plaintiff's claim, but that the contract permitted
the postponement of the payment for a reasonable time after the expiration of
thirty-one days, and allowed a reasonable deduction from the contract price if a
defect in the work was discovered.

CONTRACT, upon an account annexed, to recover a balance
alleged to be due for concreting a bicycle track in Fall River.
At the trial in the Superior Court, before *Aiken*, J., the jury
returned a verdict for the plaintiffs; and the defendant alleged
exceptions to the refusal to give instructions requested and to the
instructions given, which appear in the opinion.

*A. N. Lincoln,* for the defendant.

*D. F. Slade, (J. F. Jackson* with him,) for the plaintiffs.

KNOWLTON, J.    This is an action of contract to recover
a balance claimed as due to the plaintiffs for concreting a
bicycle track in Fall River.   The work was done under a con-
tract in writing whereby the plaintiffs agreed to furnish the
labor and materials, and the defendant, in consideration of the
promises of the plaintiffs, agreed as follows : " To pay to the said
party of the second part the sum of fifty-five cents per square
yard for all concreting, in the following manner, that is to say,
in instalments in proportion as the work progresses, but not to
exceed at any time eighty-five per cent of the estimated cost of
the work executed, and the balance thirty-one days after the said
work shall have been completely finished and delivered and ac-

cepted, unless some defect shall meanwhile have been discovered on said work." The defendant asked the court to instruct the jury as follows : " First : If you find that there was a defect in the work which the plaintiffs agreed to do under the contract, which was a substantial defect, and that it appeared within thirty-one days after the completion and acceptance of the work, then I instruct you that under the contract the plaintiffs cannot recover. Second : If you find that a defect appeared in the plaintiffs' work within thirty-one days after its completion and acceptance, the plaintiffs are not entitled to recover in this action unless the defect was remedied before the bringing of this action." The judge declined to give these instructions, but in regard to the contention that the work was not properly done, left it to the jury to say, if they found that the contract was not performed exactly according to its terms, whether the plaintiffs had endeavored honestly to perform it, and had substantially performed it ; and he told them in substance that if that was the fact, the plaintiffs could recover the contract price less such sum as would compensate the defendant for the difference in value between the work as it was and the work as it would have been if the contract had been properly performed.

The defendant contends, under the provision of the contract above quoted, that the discovery of a defect in the work within thirty-one days after the completion and delivery of it would work a forfeiture of the plaintiffs' claim. But we are of opinion that this is not the meaning of the provision. The defendant first agrees absolutely to pay for the concreting called for by the contract, a stated price per square yard. He then makes an agreement in regard to the manner of payment, that is, to pay by instalments ; and he fixes the time when the balance shall become due, after making the prescribed payments during the progress of the work. This stipulation simply permits the postponement of the payment for a reasonable time after the expiration of thirty-one days, and allows a reasonable deduction from the contract price if a defect in the work is discovered. In regard to the amount ultimately to be paid it does not affect the general rule of law applicable to such contracts. The instructions requested were rightly refused, and the instructions given were correct and sufficient.      *Exceptions overruled.*