ALBERT L. BOWEN, trustee, *vs.* LYDIA E. KIMBELL & others.

Berkshire.    September 14, 1909. — October 20, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Contract*, Performance and breach, Building contract, Implied in law.

The question whether a building contract has been substantially performed is to be determined in reference to the entire contract and to what has been done or omitted under it, and not in reference to one specification in the contract alone.

Comparison by KNOWLTON, C. J., of the law in this Commonwealth with that in England and in the other States, with reference to the right to, and method of, recovery by a contractor under a building contract which in good faith he has performed substantially but not fully and completely.

It is settled law in this Commonwealth that, if the declaration in an action upon a building contract by the contractor against the owner is upon the contract alone, there can be no recovery unless there has been a complete performance of the contract.

In this Commonwealth, where, in an action for work and materials furnished under a contract in writing for the construction of a building, if the plaintiff in good faith has performed the contract substantially but not completely, he can recover only on a *quantum meruit*, a plaintiff has no greater rights than in those States where a different rule prevails, and a plaintiff who has been guilty of an

intentional departure from the contract cannot recover at all, especially where the departure from the contract was in a substantial matter.

A referee, to whom was referred an action, the declaration in which contained counts upon a building contract and a count upon a *quantum meruit* for the erecting and finishing of the building, the referee's determination of questions of fact to be final and his decisions of questions of law to be subject to review by the court, found that the contract price was $96,500, on which the contractor was claiming a balance of $9,215; that there were ten different particulars in which the contractor had not performed the contract, for which the owner would be entitled to allowances aggregating $4,071, if the defendant should be obliged to pay anything. In an eleventh particular, the referee found that, in regard to the plastering, the first coat of which, according to the specifications, was to have been of "good lime and hair mortar and mixed when used with adamant plaster, two bags of adamant to one hod of lime mortar," the contractor intentionally had supplied a substance containing less than half the amount of adamant called for by the specifications, that the cost of removing the plaster furnished and of substituting that specified would be $7,000, but that the owner would not be warranted in going to that expense, and that the difference between the value of the building as it actually was plastered and that which it would have had, if it had been plastered according to the specifications, was $800. He also found that the plaintiff was guilty of an intentional departure from the contract in a substantial matter, and that he could not recover. *Held*, that the conclusions of the referee were warranted.

CONTRACT. Writ dated May 21, 1904.

The original declaration contained one count, as follows:

"And the plaintiff says the defendants owe him the sum of nine thousand and five dollars, according to the account hereto annexed.

"Account Annexed.

"Lydia E. Kimball, et al,

   To Samuel Dodge, doing business under the firm name of
         Dodge & Devanny,                                    Dr.

"Items

   (1) To amount of the contract price for erecting and fin-
        ishing a business block on Main Street in North
        Adams,                                        $96,500
                          Cr.
   (2) By cash at different times,                       87,195
        Balance due,                                    $9,305 "

The declaration afterwards, and before trial before the referee, was amended by adding the following two counts:

   (2) "And the plaintiff says that pursuant to said contract he

furnished all the material and labor and did all other things required by the contract and specifications in building and constructing a business block in North Adams the property of the defendants and performed said contract as modified, directed and required by the defendants, but that the defendants have wholly failed to perform their part of the contract and have neglected and refused to pay the plaintiff the amount due upon said contract. And the plaintiff says that there is now due and owing to him the sum of $9,305, with interest thereon from the date of this writ."

(3) "And the plaintiff says that he made a contract with the defendants, a copy of which contract with the specifications is hereunto affixed and made a part of this declaration. And the plaintiff says that he was always ready and willing and did perform all the terms of said contract as required by the defendants but that the defendants wholly failed to perform their part of the contract, and did not furnish a heating plant as they had promised to do, whereby the said building could be heated when in the process of construction, and did not select the brick and other material when called upon by the plaintiff as they had promised to do, but wholly failed and neglected so to do, and wholly failed to furnish an elevator as they had agreed to do, and did not select hardware upon the request of the plaintiff as was required of them, and failed to select the colors with which the walls were tinted, and wholly failed and refused to comply with the stipulations contained in said contract and specifications, whereby the plaintiff was greatly delayed, hindered and damaged in the performance of said contract. But the plaintiff, nevertheless, under the direction and at the request of the defendants proceeded with said work in the construction of the building described in said contract and specifications with all possible expedition and did everything required of him by said contracts, as directed by the defendants, and did all other things required thereunder as directed and required by said defendants and when not prevented from so doing by the defendants.

"And the plaintiff further says that in the excavation for the foundation of said building, quicksand was found which caused great delay through no fault of the plaintiffs, and that the de-

fendants directed further and other excavation and granted extensions of time therefor.

" And the plaintiff says that the architect employed by the defendants unreasonably and without cause refused to sign an order for payments which are justly due and payable to the plaintiff and which are required by the terms of said contract, to the great damage of the plaintiff, as he says, to the sum of $9,305, with interest thereon from the date of this writ."

Annexed to the amended declaration was a copy of the building contract and specifications.

The action originally was brought by Samuel Dodge. After entry, the plaintiff was adjudged a bankrupt and Albert L. Bowen was appointed his trustee in bankruptcy, and as trustee was admitted to prosecute the action.

The case was referred to John W. Mason, Esquire, as referee, as stated in the opinion. After the filing of his report, the case was heard by *King,* J., who ordered judgment for the defendant. The plaintiff appealed.

The facts are stated in the opinion.

*M. B. Warner,* for the plaintiff.

*C. J. Parkhurst & C. T. Phelps,* for the defendants.

KNOWLTON, C. J. The plaintiff Dodge made a contract in writing to erect a large building for the defendants in North Adams. He received many payments under the contract, and afterwards brought this suit to recover the balance of the contract price. Having become a bankrupt, his trustee was permitted to come into court and prosecute the suit. By agreement of parties the case was referred to a referee whose determination of all matters of fact was to be final, his decision of questions of law being subject to review by the court. He reported that the plaintiff was not entitled to recover, and judgment was ordered for the defendant on his report. The case comes before us on an appeal by the plaintiff, which presents for our consideration all questions of law that appear of record.

The declaration contains three counts, two upon the contract and one upon an account annexed. The plaintiff now concedes that he is not entitled to recover upon the contract, and he relies upon the common counts, which are open to him under the count upon the account annexed.

The price fixed by the contract was $96,500. It was admitted that the defendants were entitled to an allowance of $90 for a saving in the price of face brick, and that payments have been made amounting to $87,195. Nine thousand eight hundred and fifteen dollars is the balance claimed in this action.

There were many particulars in which the defendants contended that the plaintiff failed to perform his contract. In regard to some of these the findings of the referee were for the plaintiff. But besides the plastering, of which we shall speak hereafter, there were ten different particulars in which it was found that the contract was not performed, for each of which the defendants would be entitled to an allowance, if they were obliged to pay at all. The deductions that ought to be made on account of these departures from the contract were found by the referee to amount in the aggregate to $4,071. It is not contended that any error of law entered into these findings.

The specifications in regard to the plastering provided, among other things, that the first coat for the whole building should be "good lime and hair mortar and mixed when used in with adamant plaster, two bags of adamant to one hod of lime mortar." They declared that "This mixture must be strictly adhered to without any deviation whatever." The findings on this point are as follows: "The 'adamant' referred to in these specifications is a patented composition of the class commonly called hard plasters. It contains a considerable amount of plaster of Paris. It sets more quickly than lime and mortar plastering and gives a harder surface, less liable to injury from blows of any kind, and is quite commonly used in modern office buildings. It is somewhat more expensive than lime and mortar plastering. I find that in plastering this building the plaintiff used less than half the adamant called for by the specifications. I find that this was an intentional departure from the contract in a substantial matter, which cannot be remedied afterwards without disproportionate expense. I further find that the composition of the plaster was not known to the architect until after the certificates given by him under the contract had all been issued. I therefore find that the plaintiff is not entitled to recover in this action. . . . I find that the cost of removing the plastering in the building and replastering with plaster mixed in accordance with the specifications, in-

cluding the necessary retinting of walls, would be seven thousand dollars ($7,000). But I further find that the owner would not be justified in incurring such expense, and that the difference between the value of the building as actually plastered and as it would have been, if plastered in accordance with the specifications, is eight hundred dollars ($800)."

The plaintiff contends that the conclusion of the referee in this particular is erroneous in law, and that the judgment should be reversed. This contention seems to be two fold: first, that an intentional departure from the contract in a matter of this kind will not preclude the contractor from recovering on a *quantum meruit;* and, secondly, that, as matter of law, the referee could not find that there was not a substantial performance of the contract. It becomes necessary to consider the law of Massachusetts in these particulars.

It is to be noticed, first, that the question whether there was a substantial performance of the contract is to be determined in reference to the entire contract, and what was done or omitted under it, and not in reference to the plastering alone. The referee might well find that the plaintiff failed to perform the contract substantially, in view of all his departures from it, even if he would not have made that finding upon the defective plastering alone. The validity of the finding must be determined in reference to all the facts of the case. But as the referee indicates that this breach is the principal reason for his decision, we will consider this branch of the case by itself.

Formerly it was generally held in this country, as it is held in England, that a contractor could not recover under a building contract, unless there was a full and complete performance of it, or a waiver as to the parts not performed, and that he could not recover on a *quantum meruit* after a partial performance from which the owner had received benefit, unless there had been such subsequent dealings between the parties as would create an implied contract to pay for what had been done. *Smith* v. *Brady,* 17 N. Y. 173, 185. *Ellis* v. *Hamlen,* 3 Taunt. 52. *Munro* v. *Butt,* 8 E. & B. 738. *Sumpter* v. *Hedges,* [1898] 1 Q. B. 673, and cases cited. But in most of the American States a more liberal doctrine has been established in favor of contractors for the construction of buildings, and it is generally held that if a

contractor has attempted in good faith to perform his contract and has substantially performed it — although by inadvertence he has failed to perform it literally according to its terms — he may recover under the contract, with a proper deduction to the owner for the imperfections or omissions in the performance. *Woodward* v. *Fuller*, 80 N. Y. 312. *Phillip* v. *Gallant*, 62 N. Y. 256. *Nolan* v. *Whitney*, 88 N. Y. 648. *Oberlies* v. *Bullinger*, 132 N. Y. 598. *Elliott* v. *Caldwell*, 43 Minn. 357. *Jones & Hotchkiss Co.* v. *Davenport*, 74 Conn. 418. *Pitcairn* v. *Philip Hiss Co.* 113 Fed. Rep. 492. Page on Contracts, §§ 1603, 1604, and cases cited. It would seem that in cases of this kind, while the plaintiff recovers under the contract not the contract price but the contract price less the deduction, he ought to aver, not absolute performance, but only substantial performance of his contract and a right to recover only the balance after allowing the owner a proper sum for the failure to do the work exactly in the way required. *Spence* v. *Ham*, 163 N. Y. 220. The rule very generally adopted is that, to entitle the plaintiff to recover, he needs to show only that he proceeded in good faith in an effort to perform the contract, and that the result was a substantial performance of it, although there may be various imperfections or omissions that call for a considerable diminution of the contract price. The reason for this construction of such contracts is in part the difficulty of attaining perfection in the quality of the materials and workmanship, and of entirely correcting the effect of a slight inadvertence, and the injustice of allowing the owner to retain without compensation the benefit of a costly building upon his real estate, that is substantially, but not exactly such as he agreed to pay for. In none of the courts of this country, so far as we know, is the contractor left remediless under conditions like those above stated. The recovery permitted is generally upon the basis of the contract, with a deduction for the difference between the value of the substantial performance shown and the complete performance which would be paid for at the contract price.

In Massachusetts the hardship upon the contractor of leaving him without compensation, if, acting in good faith he performs a contract substantially, but fails to perform it completely, was early recognized by the courts, and it was decided that under

such circumstances he might recover upon a *quantum meruit.* In Massachusetts this method of obtaining relief has ever since been treated as the only one for such cases, and has often been referred to as the doctrine stated in *Hayward* v. *Leonard,* 7 Pick. 181, 186. Because of this rule it is held to this day that, if the declaration is upon the contract alone, there can be no recovery under a building contract unless there has been a complete performance of it. *Allen* v. *Burns,* 201 Mass. 74, and cases cited.

This anomalous form of proceeding in this Commonwealth does not give the plaintiff any larger rights than those stated above, under the rule which generally prevails in actions upon a building contract in other States. In the first place, it has always been held that he cannot recover upon a *quantum meruit* unless he has acted in good faith under the contract, in an endeavor to perform it. *Burke* v. *Coyne,* 188 Mass. 401. *Sipley* v. *Stickney,* 190 Mass. 43. If he abandons the contract without excuse when he has only half performed it, he has no remedy. *Homer* v. *Shaw,* 177 Mass. 1. In both these particulars the contractor is governed by the same rules as those which are adopted generally in other States. *Hayward* v. *Leonard,* 7 Pick. 180. *Powell* v. *Howard,* 109 Mass. 192. *Atkins* v. *Barnstable County,* 97 Mass. 428. *Cullen* v. *Sears,* 112 Mass. 299. *Blood* v. *Wilson,* 141 Mass. 25. *Gleason* v. *Smith,* 9 Cush. 484. *Wagner* v. *Allen,* 174 Mass. 563. *Bee Printing Co.* v. *Hichborn,* 4 Allen, 63. *Reed* v. *Scituate,* 5 Allen, 120.

We think that the referee's finding of fact that the plaintiff was guilty of an intentional departure from the contract, in a substantial matter, is conclusive against his right to recover, as well under the rule in Massachusetts as it would be under that in other States. It shows a lack of good faith on the part of the plaintiff in his dealings with the defendants under the contract. We think the findings and decision of the referee, taken together, are a finding that there was not a substantial performance of the contract. On both grounds the report was rightly confirmed and judgment was rightly ordered for the defendants.

*Judgment affirmed.*