PATRICK W. HENNESSEY *vs.* JULIET E. PRESTON & another.

Hampden.　September 22, 1914. — October 23, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Contract,* Performance and breach, Building contract.　*Equity Jurisdiction,* To reach and apply equitable assets or assets fraudulently conveyed.　*Equity Pleading and Practice,* Decree, Master's report.

In a suit in equity by a building contractor, seeking to apply in payment of a debt alleged to be due to him from the principal defendant as the full contract price for the construction of a building certain assets in the hands of another defendant or fraudulently conveyed to him, the plaintiff, so far as the proof of the debt is concerned, must prove it as in an action at law; and, having alleged complete performance of a special contract, he cannot establish the alleged debt (if the principal defendant insists on the objection of variance) by showing a substantial performance on his part or that there was a waiver of complete performance by the principal defendant.

In a suit in equity by a building contractor seeking to apply equitable assets to the payment of a debt alleged to be due to him from the principal defendant, where the plaintiff has alleged complete performance by him of a special contract for the construction of a building whereby he became entitled to the entire contract price, if a master finds that after the filing of the bill a plumber offered to put into the building a new hot water boiler to replace one that was defective and that a painter offered to make good certain interior finish which was imperfect, these findings of imperfect work are inconsistent with a general finding by the master that the plaintiff's averment of complete performance of the contract was proved.

In a suit in equity by a building contractor seeking to apply equitable assets to the payment of a debt alleged to be due to him from the principal defendant, where the plaintiff has alleged complete performance by him of a special contract for the construction of a building whereby he became entitled to the entire contract price, but the evidence does not warrant a finding, made by a master, of complete performance on the part of the plaintiff, if the merits of the controversy have been tried at length and it appears that the plaintiff has not been paid in full for all the work that was done by him, he may be permitted by this court, as in the present case, to apply to the Superior Court in which the case was tried for leave to amend his bill by alleging an attempt in good faith to perform his contract and a substantial performance of it, or a waiver of full performance, so that the case may be recommitted to the master for findings on these issues, with an order that unless the bill is amended within a time named it shall be dismissed.

In a suit in equity exceptions to a master's report based on the grounds that certain findings of the master are not supported by or are contrary to the evidence cannot be sustained if the record does not disclose the evidence on which the findings were made.

In a suit in equity an exception to a master's report based on the master's refusal
to make a certain ruling of law must be overruled if it does not appear that
under the order of reference to the master it was his duty to make any ruling
of law on the point to which the exception is directed or that he made any
ruling.

DE COURCY, J. The controversy in this suit arises out of a
building contract. The plaintiff contractor seeks to recover a
balance alleged to be due thereon, and also for extra labor and
materials furnished. In order to reach and apply in payment of
the debt certain money in the hands of George S. Preston, the
plaintiff brought this bill in equity under the provisions of R. L.
c. 159, § 3.*

Whether the bill is considered under clause 7 or under clause 8
of § 3, so far as the plaintiff seeks to establish an indebtedness on
the part of Juliet E. Preston (hereinafter called the defendant),
the proceeding is in essence an action at law, and his right to
recover must be determined by the same rules that would apply
in a common law proceeding. *Stockbridge* v. *Mixer*, 215 Mass.
415. As the bill proceeds solely on the basis of a special contract
alleged to have been performed by the plaintiff and broken by
the defendant, there can be no recovery unless the facts show
that he performed it completely. Under the averments of his
bill he cannot recover merely by showing that the contract was
performed substantially, or that there was a waiver of complete
performance by the defendant. *Allen* v. *Burns*, 201 Mass. 74.
The issue of a variance was insisted upon by the defendant in her
answer, in the hearing before the master, and in her exceptions
to the master's report.

The only finding of the master that sustains the plaintiff's
averment of complete performance is contained in the following
paragraph: "In the early part of the hearing, the defendants
made a general objection that any testimony tending to show a
variance from the full performance of the contract or any excuse
or waiver of non-performance of the contract was inadmissible

---

* The case was referred to Nathan P. Avery, Esquire, as master. The
findings made by him are stated in the opinion. *Irwin,* J., made an in-
terlocutory decree overruling the defendant's exceptions to the master's
report and confirming that report. By order of the same judge a final
decree for the plaintiff was entered; and the defendant appealed.

under the pleadings. I find that there was no evidence introduced or offered which tended to show a variance from the full perform- ance of the contract or any excuse or waiver of non-performance except where the parties agreed between themselves that the contract should be modified." It seems apparent from the record as a whole that this is an inference from other findings stated in his report and not an independent finding on evidence directed to this special question. In any event it is entirely inconsistent with some of the other findings made by the master. For instance, in no less than fourteen particulars he finds that the plaintiff failed to comply with the requirements of his contract, and he allows the defendant therefor in the way of recoupment the sum of $338.44. Under these circumstances we do not see how the finding of performance of the contract can stand; and the defend- ant's twelfth exception * must be sustained. *French* v. *Hall,* 198 Mass. 147. *Quimby* v. *Tapley,* 202 Mass. 601.

It does not follow that the bill must be dismissed. In view of the fact that the merits of the controversy have been tried at length, the plaintiff, who has not been paid in full for the work done by him, may desire to apply to the Superior Court for leave to amend his bill by alleging an attempt in good faith to perform his contract, and a substantial performance of it, or a waiver. *Bowen* v. *Kimbell,* 203 Mass. 364. He cannot, however, recover on the record as it stands merely by amending his bill. There is no unqualified finding in the master's report that the plaintiff substantially performed his contract, and there is no express finding on the question of his good faith. Both of these must be established. See *Burke* v. *Coyne,* 188 Mass. 401, 404.

As the case may go back to the master in the event of an amend-

---

* That exception was as follows:

"12. To the finding of the master that there was no evidence introduced or offered which tended to show a variance from the full performance of the contract or any excuse or waiver of non-performance except where the parties agreed between themselves that the contract should be modified, on the grounds that said finding is inconsistent with other findings of the master, and particularly the findings based on the testimony of the plumber offer- ing to make good for the defective boiler subsequent to the commencing of this action and the finding based upon the testimony of Mr. Costello offer- ing to make good any defects in his work, subsequent to the time suit was brought."

ment to the bill, the defendant's sixth and seventh exceptions *
to the report should be considered. These are based upon the
findings of the master under the heading of plumbing work and
painting. He disallowed the defendant's claim for a new hot
water boiler for the reason that the plumber offered to put one in
after the beginning of the suit. He also disallowed her claim for
defective painting work on the interior finish and the floors for a
like reason. These findings of imperfect work are inconsistent
with the finding of complete performance of the contract, and are
open to the further objection that offers to make good the de-
fective work, made after the beginning of the suit, are not legally
equivalent to performance of the contract.

It may be well also to point out an error in the decree itself.
The limit of the liability of the defendant George S. Preston, on
the facts found by the master, is the amount paid to him by his
wife, namely, $1,389.50. The decree orders that he shall pay the
full amount ($2,717.76) found to be due from Juliet E. Preston
to the plaintiff.

It follows from what has been said that the sixth, seventh and

---

* These exceptions were as follows:

"6. To the master's finding disallowing the defendants $10 for a defective
boiler which had to be replaced, the master giving as his grounds for
disallowing said claim the fact that the plumber offered to make good the
defects, it appearing by evidence duly objected to and excepted to by the
defendants that said offer was made subsequent to the commencing of this
action; whereas the master should have ruled that the plaintiff's plumber
stood in no better position than the plaintiff himself, and that the plaintiff
himself by bringing this action and pleading performance of his contract
was estopped to offer any evidence tending to prove an offer on the part of
himself or any of his sub-contractors to make good that wherein he failed
to perform his contract.

"7. To the master's finding disallowing the defendant's claim for painting
and scraping and finishing the floors, basing his reasons for disallowing said
claim on the grounds that one Mr. Costello, a sub-contractor under the
plaintiff, offered to make good any defective work, it appearing by evidence
duly objected to and excepted to by the defendants that said offer to make
good that wherein the contractor did not properly perform his contract was
made subsequent to the commencing of this action; whereas the master should
have ruled that the plaintiff was estopped to offer evidence at variance with
the pleadings, wherein he alleged that said contract was performed and
that the plaintiff should be entitled to recover all moneys expended in
finishing said house in accordance with the terms of the contract."

twelfth exceptions to the master's report must be sustained. The other exceptions may be disposed of briefly.

The first, third, fourth, fifth, eighth, ninth, tenth, eleventh and thirteenth are based on the ground that certain findings are not supported by or are contrary to the evidence. As the evidence on which they were made is not before us, these exceptions must be overruled. *Cook* v. *Scheffreen*, 215 Mass. 444.

The portion of the second, relating to substantial performance, was immaterial to the issue raised by the pleadings. The denial of the motion to recommit was within the discretion of the trial judge. *Ginn* v. *Almy*, 212 Mass. 486. The exceptions based on the exclusion of testimony are not argued and may be considered as waived.

The exception to the master's refusal to make certain rulings must be overruled. It does not appear that the master was required to make any ruling of law upon the point to which the exception is directed, or that in fact he made any ruling. *New England Foundation Co.* v. *Reed*, 209 Mass. 556.

The decree is reversed. Unless the plaintiff is allowed to amend within thirty days from the date of the rescript, his bill must be dismissed. If the bill shall be amended; the case will proceed in the Superior Court in accordance with this opinion.

*Decree accordingly.*

The case was submitted on briefs.

*G. A. Bacon & T. Kirkland,* for the defendants.

*R. W. Ellis, E. H. Brewster & T. W. Ellis,* for the plaintiff.