NAZZARENO DIVITO *vs.* RALPH UTO.

Plymouth. March 18, 1925. — July 6, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, Building contract, Performance and breach. *Practice, Civil*, Auditor: report, findings; Exceptions.

The declaration in an action of contract by a building contractor against the owner of real estate contained three counts, the first upon a contract in writing for the building of a garage, the second upon a *quantum meruit* for labor and materials furnished in building the garage, and the third for extra work performed at the request of the defendant. The action was referred to an auditor under an agreement that his findings of fact should be final. He found that there were breaches of the contract with the plaintiff in that the concrete floor was laid from one half an inch to one and one half inches thinner than required by the contract; that it contained an excess of gravel or sand with not enough cement to set and hold it; that the surface was improperly graded and uneven, the soil was not properly prepared before the cement was laid, and, through the plaintiff's fault, it was left without heat, and froze; and that certain inside finish was not covered with metal, as required by the local building laws. He found that the requirements of the contract, except as stated above, were "substantially complied with"

and that the defendant should pay the plaintiff a sum which was less than the contract price by reason of the deviations from the contract above stated. He found for the plaintiff on the third count. There was no finding that the plaintiff in good faith had substantially performed the contract. A judge of the Superior Court found for the defendant on the first count and for the plaintiff on the second and third counts in the amounts found by the auditor. *Held,* that

(1) The burden of proving substantial performance and good faith was upon the plaintiff;

(2) An intentional departure from the contract upon a material matter without justification or excuse would prevent recovery on the second count;

(3) There was no finding by the auditor expressly or by implication that the plaintiff in good faith had substantially performed the contract;

(4) The finding for the plaintiff on the second count was not warranted;

(5) The finding for the plaintiff on the third count was warranted;

(6) The exceptions by the defendant were sustained.

CONTRACT upon a building contract with the declaration described in the opinion. Writ dated March 30, 1922.

In the Superior Court, the action was referred to an auditor with an agreement that his findings of fact should be final. The action then was heard upon the auditor's report by *Macleod,* J. Material findings by the auditor, requests by the defendant for rulings, and rulings by the judge are described in the opinion. There was a finding for the plaintiff in the sum of $947.33. The defendant alleged exceptions.

*D. J. Triggs,* for the defendant.

*W. A. Rollins,* for the plaintiff.

SANDERSON, J. This is an action of contract with a declaration in three counts: the first, to recover a balance due upon a written contract afterwards modified by oral agreement; the second, to recover the same amount for work done and materials furnished by the plaintiff in building a garage for the defendant; and the third, upon a *quantum meruit* for extra work. The defendant's answer is a general denial, payment, and an answer in recoupment. The case was referred to an auditor with a stipulation that his findings of fact should be final.

The declaration stated that the second count was for the same cause of action as the first. The auditor's report shows that the defendant, a few days after the work was begun,

desired to change the construction of the garage by the addition of a boiler room, office and chimney, which required tearing down a part of the foundation already built and making a deeper excavation. He allowed the plaintiff the amount found due for work and labor in making these changes under the third count for extras. The auditor also found that the "requirements of the written contract, except as hereinafter indicated, were substantially complied with, and plaintiff is entitled to recover the contract price less payments made on account thereof, after making certain deductions on account of poor construction and work required to remedy the same, and for failure to comply with the building laws," and that time was not of the essence of the contract.

The concrete floor was laid from one half to one and one half inches thinner than required by the contract. It contained an excess of gravel or sand with not enough cement to set and hold it; the surface was improperly graded and uneven, the soil was not properly prepared before the cement was laid, and, through the plaintiff's fault, it was left without heat, and froze. Certain inside finish was not covered with metal, as required by the building laws of Brockton. For these and other omissions or defects in the performance of the contract, the auditor allowed a sum in recoupment, deducting the amount from the contract price and stating that he had in mind solely the claim of the plaintiff on the written contract. The first item in the account as stated by the auditor is "For building the garage under the written contract in substantial conformity thereto $2,700." On the count for extra work and materials, the auditor found for the plaintiff in the sum of $153 and interest.

A judge of the Superior Court who heard the case upon the auditor's report, found for the plaintiff in the sums stated by the auditor to be due, with interest; but ruled, in accordance with the defendant's request, that there could be no recovery on the first count. The defendant presented fifteen requests for rulings and excepted to the decision of the court in finding for the plaintiff, to the judge's refusal to rule as requested, and to the rulings made. The judge stated that the auditor found expressly, or by necessary implication, that

the plaintiff had substantially and in good faith performed the contract; and ruled that the changes and omissions and defects in material and workmanship were not of sufficient importance to defeat the plaintiff's right to recover on *quantum meruit;* that the measure of recovery is the actual benefit received by the defendant from the labor performed and materials furnished, not exceeding the amount of the contract price; that it was within the province of the auditor in determining the amount of such benefit to consider the proportion in value which the work done bears to the whole value of the work if done in strict compliance with the contract; and that the fact that such proportionate value was found by making deductions representing the depreciation in value on account of variations, omissions, and inferiority of work and material, is immaterial. He denied all the defendant's requests for rulings except the first, and except in so far as they were given in substance by rulings made; and he gave the plaintiff's request that on the auditor's report the plaintiff is entitled to recover the whole amount found due him by the auditor.

The contention of the defendant is that the judge was not warranted in finding for the plaintiff on either the second or third count. If the owner unjustifiably breaks a special contract for the erection of a building, under such circumstances that the contractor is justified in abandoning it before completion, the contractor may recover the full value of what he has supplied, whether services or materials. *Ford* v. *Burchard,* 130 Mass. 424. If the contract has been completely performed the contractor may recover the full contract price on a count on the contract. *Bowen* v. *Kimbell,* 203 Mass. 364, 371. If it has been substantially performed with the intention on the part of the contractor completely to perform, he may recover upon a *quantum meruit,* but not on a count on the contract. *Burke* v. *Coyne,* 188 Mass. 401. *Bowen* v. *Kimbell, supra.* In such case if the defects are of a character that could not reasonably have been remedied so as to make the work correspond exactly to the specifications, the measure of damages is the contract price, deducting the amount by which the value of the building as

left by the contractor falls short of what that value would have been if the contract had been exactly performed. *Hayward* v. *Leonard,* 7 Pick. 180, 186. *Pelatowski* v. *Black,* 213 Mass. 428, 430. If the contract is changed by agreement, the rights of the parties are to be determined by the contract in its modified form. The auditor did not find that there was default on the part of the defendant sufficient to justify the plaintiff in not completing the contract according to its terms as modified, or that the failure to perform was due to any such default.

The burden of proving substantial performance and good faith is on the plaintiff. *Bowen* v. *Kimbell,* 203 Mass. 364, 370. *Gillis* v. *Cobe,* 177 Mass. 584. The trial judge erroneously assumed that the auditor expressly or by necessary implication found that the plaintiff had in good faith substantially performed the contract. No such finding appears in the report. An intentional departure from the contract in a material matter without justification or excuse will prevent recovery. *Hennessey* v. *Preston,* 219 Mass. 61, 63. *Handy* v. *Bliss,* 204 Mass. 513, 518. *Bowen* v. *Kimbell, supra.* The absence of any finding that the plaintiff acted in good faith or intended completely to perform his contract, or that he did substantially perform it, is a bar to his recovery on the second count; and the defendant's exceptions to the judge's refusal to rule that the finding should be for the defendant on that count are sustained. In view of this conclusion it is unnecessary to consider the other exceptions relating to that count.

Upon count three, for work and materials not covered by the contract, the plaintiff is entitled to recover what they were fairly worth. *Sherman* v. *Buffinton,* 228 Mass. 139. The considerations which prevent recovery on the second count have no application here. *Wheeler* v. *Tarullo,* 237 Mass. 306. The basis of the recovery is that the plaintiff, at the request of the defendant, furnished labor and materials not required by the written contract. Upon the facts found there is no illegality in connection with the building laws of Brockton which will prevent him from recovering on the third count. The exceptions relating to this count are overruled.

*Exceptions sustained.*