### ULYSSES G. EASTMAN vs. CHESTER C. STEADMAN.

Middlesex. November 14, 1929. — November 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Performance and breach, Implied, Building contract. *Pleading,. Civil,* Declaration.

The first count of the declaration in an action of contract contained allegations that the defendant agreed to pay the plaintiff a certain sum for labor and materials furnished by the plaintiff in the building of a house; that the plaintiff had performed his part of the agreement; and that the defendant owed him a certain balance of the amount agreed upon. The second count was upon an account annexed for the same balance. There was evidence that the. agreement was for the construction of two houses, the defendant to pay the plaintiff as the work progressed; and that, after the plaintiff had completed one house, he was unable to complete the other because of the defendant's failure to make such payments. There was no evidence of the value of the plaintiff's work on the first house. *Held,* that

(1) The plaintiff, not having fully performed his part of the agreement, could not recover on either count of the declaration;

(2) The plaintiff was not entitled to recover on the second count for the additional reason that there was no evidence as to the value of his work;

(3) It was not open to the plaintiff on the pleadings to contend that the defendant, by a previous breach of the contract, had prevented him from performing his part of the agreement, or that the plaintiff had conferred benefits upon the defendant in such circumstances that an agreement to pay therefor could have been implied.

CONTRACT. Writ dated August 2, 1926.

The declaration, and material evidence at the trial in the Superior Court before *F. T. Hammond,* J., are described in the opinion. At the close of the evidence, the judge denied a motion by the plaintiff that a verdict be ordered in his favor and ordered a verdict for the defendant on both counts of the declaration. The plaintiff alleged exceptions.

*T. J. Maher,* for the plaintiff.

*A. S. Allen,* (*M. H. Tobin* with him,) for the defendant.

RUGG, C.J. The first count of the plaintiff's declaration alleges a contract whereby the plaintiff agreed to furnish labor and materials in the erection of a house, and

the defendant agreed to pay the plaintiff a specified sum therefor; and that the plaintiff "did well and truly perform his part of the contract," and that the defendant has failed and owes him a stated balance. The second count in the plaintiff's declaration is on an account annexed for the same balance as is alleged to be due in the first count.

There was evidence tending to show that an oral contract was made between the plaintiff and the defendant whereby the former agreed to build two houses, each for the same stated price, and the defendant agreed to pay him as the work progressed; and that, by reason of failure of the defendant to make necessary payments, the plaintiff, having finished one house, was unable to complete the other house because he had no money to carry on the construction of both houses and must have payments on account on the houses as the work progressed. It is manifest that this evidence did not warrant recovery on the first count. It would not support a finding that the plaintiff had performed his contract. "It is a general rule that, where one breaks a contract to be performed for an entire price, he cannot recover on the contract, because he has not performed it, nor on a *quantum meruit*, because his voluntary failure to complete his agreement prevents recovery, save in restricted instances where there has been an honest intention to go by the contract." *Mark* v. *Stuart-Howland Co.* 226 Mass. 35, 43. It is equally manifest that the plaintiff was not entitled to recover on the second count. If he had completely performed his contract so that there was nothing due except the balance to be paid him, he might declare for that balance on an account annexed. *Holman* v. *Updike*, 208 Mass. 466, 471. *Dalton* v. *American Ammonia Co.* 236 Mass. 105, 107. There was no evidence of the value of the work done by the plaintiff for the defendant and therefore there could be no recovery apart from the principle just stated. It must be assumed in favor of the trial judge that his rulings were based upon the issues raised by the pleadings. *R. J. Todd Co.* v. *Bradstreet Co.* 253 Mass. 138, 143, and cases cited.

The plaintiff has argued his case on the theory that, although he has not performed to completion all that was required of him by the contract, he was excused from such performance because the defendant failed to pay him on account, as the work progressed, enough to enable him to carry on; that the defendant thus had committed a breach of the contract earlier in point of time than that of the plaintiff, thereby creating a state of affairs which prevented the plaintiff from full performance of his part of the contract; and that therefore he is entitled to recover damages from the defendant for breach of the contract, or possibly that he may recover on the ground of benefits conferred by him on the defendant as owner of the land under circumstances creating an implied contract to pay for what has been done. *Bowen* v. *Kimbell,* 203 Mass. 364. *Divito* v. *Uto,* 253 Mass. 239, and cases there collected. Whatever merit there may be in this argument, it is not germane to the issues raised by the declaration. That cause of action is not set out in the declaration. If the plaintiff desires to amend his declaration so as to raise the questions thus argued by him, he must first move to amend his declaration to that end. The opportunity to offer such amendment as he may be advised to make will be open to him in the Superior Court. *West* v. *Platt,* 124 Mass. 353. *Childs* v. *Boston & Maine Railroad,* 213 Mass. 91, 95. *Noyes* v. *Noyes,* 224 Mass. 125, 135. *Cheney* v. *Boston & Maine Railroad,* 246 Mass. 502, 505. See *Day* v. *Mills,* 213 Mass. 585, 587.

*Exceptions overruled.*