THE HUB CONSTRUCTION COMPANY *vs.* DUDLEY WOOD WORKS CO.

Suffolk. November 3, 1930. — February 24, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract*, Performance and breach, Implied, Building contract. *Evidence*, Competency.

In order that a contractor, who has not performed fully a building contract, may recover from the owner on the basis of "substantial performance," the contractor must prove, not only that he substantially performed the contract, but also that he attempted in good faith to perform it completely and did not intentionally deviate from it, or, if he fails to prove that he did not deviate from it intentionally, that the deviations were so slight as to be immaterial or were justified or excused. Per FIELD, J.

In an action by a contractor to recover a balance due under a contract for the construction of an addition to a building owned by the defendant, there was evidence that the top of the addition, as built by the plaintiff, was plain and did not follow out the lines of the cornice or moulding courses which appeared on the wall of the original building, although the plans and specifications required that the front wall of the addition should match the front wall of the old building; that the roof rafters of the addition were set level by the plaintiff without provision for the pitch required by the plans with

reference to drainage; and that "the roof built had a sufficient pitch to carry off the water." There was no evidence that such deviations from the contract were not intentionally made by the plaintiff. *Held,* that

(1) Evidence, with respect to the top of the front wall of the addition, that the building inspector of the city in which the work was done told the plaintiff that "the ornamental brickwork called for by the plans, specifications and agreement . . . should not be built, because of the vibration of the defendant's machines and the vibration of the elevated railway running by the building," was inadmissible;

(2) A finding was not warranted that the deviation by the plaintiff with regard to the top of the front wall of the addition was so slight as to be immaterial, or that it was justified or excused;

(3) The evidence, that "the roof built had a sufficient pitch to carry off the water," did not warrant a finding that the deviation in regard to the pitch was so slight as to be immaterial;

(4) In the absence of evidence that such deviations were made unintentionally and in good faith by the plaintiff, he could not recover even though a finding were warranted that he had performed the contract substantially.

CONTRACT. Writ in the Municipal Court of the City of Boston dated August 17, 1928.

On removal to the Superior Court, the action was tried before *Morton,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. After the jury had answered certain special questions, as described in the opinion, the judge ordered a verdict for the plaintiff in the sum of $1,879.79. The defendant alleged exceptions.

The case was submitted on briefs.

*E. M. Dangel, L. E. Sherry,* & *J. J. Holtz,* for the defendant.
*H. A. Eyges,* for the plaintiff.

FIELD, J. This is an action of contract to recover a balance of $2,023, and interest, for erecting an addition to a building owned by the defendant. The declaration is in three counts, alleged to be for the same cause of action. The first count is upon an account annexed for "work and labor performed by the plaintiff . . . in accordance with" agreements dated, respectively, May 15, May 22, and June 8, 1928; the second count is upon written agreements of those dates, and the third count for "substantial performance" of an agreement made on or about May 15, 1928.

At the trial of the case to a jury there was evidence of a written contract, dated May 15, 1928, for the erection of a building in the city of Boston, and of two modifications thereof in writing, dated May 22, 1928, and June 8, 1928, and evidence that the contract was fully performed on the part of the plaintiff except in the matter of seven alleged deviations therefrom, as to which the evidence appears in the bill of exceptions. Evidence hereinafter referred to was admitted over the objection and subject to the exception of the defendant.

The defendant moved for a directed verdict on each count of the declaration on the ground of variance between allegations and proof and generally on the declaration as a whole and on each count thereof, and requested that the jury be instructed that the plaintiff, if entitled to recover, was "not entitled to more than nominal damages in this action." The motions and request were denied and the defendant excepted.

The jury, upon questions submitted to them by the judge, found that the plaintiff did not "wilfully deviate from the contract," but did "substantially perform its contract," and to the question, "How much less, if anything, is the building worth by reason of deviations, if any?" answered, "$300." The judge then directed a verdict for the plaintiff in the sum of $1,879.79, which "amount was determined by deducting the said $300 from the total amount claimed by the plaintiff as the balance of the contract and then the addition of interest." The defendant excepted to this direction of a verdict.

We pass without discussion the question of variance between allegations and proof, for we are of opinion that a verdict should have been directed for the defendant on substantive grounds.

The evidence did not warrant a finding — and the plaintiff does not contend — that the contract was fully performed by the plaintiff, even if slight deviations are overlooked on the principle of *de minimis non curat lex.* See *Lynch* v. *Culhane,* 237 Mass. 172, 175.

The plaintiff seeks, however, to recover as upon a *quan-*

*tum meruit* on the ground of substantial performance. In order to prevail on this ground a contractor under a building contract must prove, not only that he substantially performed his agreements, but also that he attempted in good faith to perform them completely (*Bowen* v. *Kimbell,* 203 Mass. 364, 370–371, *Hennessey* v. *Preston,* 219 Mass. 61, 63, *Divito* v. *Uto,* 253 Mass. 239, 242–243, *Reynolds* v. *Cole,* 272 Mass. 282, 285), that is, that he had an "honest intention to go by the contract" (*Hayward* v. *Leonard,* 7 Pick. 180, 186, see *Smedley* v. *Walden,* 246 Mass. 393, 400) and acted in accordance with such intention. *Handy* v. *Bliss,* 204 Mass. 513, 518. *Lynch* v. *Culhane,* 241 Mass. 219, 222. There was no evidence in this case that the deviations from the contract were not intended by the plaintiff. It does not appear that the plaintiff in good faith misunderstood the requirements of the contract or thought that it had complied with them. See *Handy* v. *Bliss,* 204 Mass. 513, 519. In the absence of evidence that the plaintiff did not intend to deviate from the strict requirements of the contract, proof was required that deviations were immaterial — that is, so slight as to fall within the rule *de minimis* (*Lynch* v. *Culhane,* 237 Mass. 172, 175, and cases cited) — or were justified or excused. *Divito* v. *Uto,* 253 Mass. 239, 243.

With respect to at least two deviations from the strict requirements of the contract, the existence of which the plaintiff did not attempt to controvert, the evidence did not warrant findings that they were immaterial or were justified or excused.

The evidence as to one of these deviations was as follows: "The front wall of the new addition does not conform to plans, the plans and specifications both call for the front brick wall to match the front wall of the original building. This was not done by the plaintiff. The top of the new building is absolutely plain and does not follow out the lines of cornice or molding courses which appear on the wall of the original building." Obviously, such a deviation could not be found to be immaterial, in the absence, as here, of any evidence to that effect. The plain-

tiff, however, sought to justify the deviation on the ground that "the building inspector of the city of Boston told one of the plaintiff's officers, who was in charge of the work, that the ornamental brickwork called for by the plans, specifications and agreement between the plaintiff and defendant should not be built, because of the vibration of the defendant's machines and the vibration of the elevated railway running by the building." The admission of evidence of this statement of the building inspector, to which the defendant excepted, was error. As evidence of the fact stated by the inspector it was objectionable as hearsay. *Reed* v. *Scituate,* 7 Allen, 141, 144–145. *Walsh* v. *Cornwell,* 272 Mass. 555, 561. It was not admissible as proof of an official act changing the plans and specifications or authorizing a departure therefrom, for, so far as appears, the inspector had no authority in this way to make such a change or to authorize such a departure. Nor was the evidence made admissible by any evidence that the plaintiff believed in good faith that the inspector had such authority. With the inspector's statement out of the case, no justification or excuse for this deviation is shown.

The evidence as to another deviation was as follows: "With reference to the drainage of the roof, the plans indicate that there is to be a pitch to the roof and this pitch is shown as $\frac{1}{4}''$ per ft. Furthermore, on two of these drawings it is clearly indicated that the rafters shall be placed on this slope and dimensions are furnished to determine this slope. These roof rafters were set level and no crickets or other means of providing for the pitch called for were used. The plans and drawings were not complied with." There was evidence that "the roof built had a sufficient pitch to carry off the water." This evidence did not purport to justify or excuse the deviation. It tended to show merely that the deviation was of no practical importance. Though warranting a finding of substantial performance, it did not go far enough to warrant a finding that the difference between the agreed and the actual construction was so slight as to be negligible.

We need not deal with other alleged deviations, for the failure of proof of good faith in respect to the deviations already considered was sufficient to prevent recovery by the plaintiff. *Lynch* v. *Culhane,* 237 Mass. 172. Nor need we determine whether the evidence warranted a finding that the contract as a whole was substantially performed. Moreover, the defendant's exception to the judge's refusal to instruct the jury as to damages, as requested by the defendant, becomes immaterial.

It follows that the defendant's exceptions to the admission of evidence, to the denial of its motions for a directed verdict, herein considered, and to the direction of a verdict for the plaintiff must be sustained.

*Exceptions sustained.*