HENRIETTA J. JACKSON *vs.* BOSTON SAFE DEPOSIT AND TRUST COMPANY, executor.

Norfolk.   November 7, 10, 1941. — January 20, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Contract*, Implied, Performance and breach, Personal services.

There was no right of recovery against an executor for the fair value of services rendered by a woman to the defendant's testator upon his oral promise to leave her all his property in return for such services, where it appeared that after rendering the services for a long period she ceased to do so some years before the testator's death, and the evidence, even if it showed that he might have been willing to consent to discontinuance of her services, did not show that any conduct of his prevented her rendering further services or justified her in ceasing to do so.

CONTRACT.  Writ in the Superior Court dated October 14, 1938.

The action was tried before *O'Connell*, J.

*F. D. Coffman*, for the plaintiff.

*E. S. Farmer*, (*A. P. Teele* with him,) for the defendant.

RONAN, J.  The plaintiff sues to recover the fair value

of services rendered and goods furnished to the testator, one Castor, from September, 1913, to September, 1931. The answer set up a general denial, the statute of frauds and the statute of limitations. The jury returned a verdict for the plaintiff, but the judge, upon leave reserved, upon motion of the defendant directed the entry of a verdict for the defendant. The plaintiff excepted to the allowance of this motion and to the exclusion of the testator's will. The defendant excepted to rulings on evidence and to the charge.

There was evidence that the plaintiff in 1913 agreed, at the request of the testator, to do the housework at his home on two days each week and care for his wife and himself, in consideration of his promise that he would leave her all his property, and that she performed her part of the contract until September, 1931. The testator died in 1937 and the question is whether the failure of the plaintiff to continue to perform fully after September, 1931, could be found to be due to the action of the testator or to some other cause for which the plaintiff was not responsible. The defence is that she voluntarily and without any legal excuse discontinued further performance of the contract. We recite in substance the testimony on this phase of the case. A woman named Schreitmueller, a resident of Germany, visited the testator's home in 1926. Mrs. Castor died in 1927. Castor made a trip to Europe in 1928 and again in 1931, and during his absence the plaintiff at times went to his home to look after the place. He had left his fire insurance policy with her. He told the plaintiff in 1928 that she would get all his real estate and money after his death, that Schreitmueller was jealous of her and that he did not want any "feeling between you two girls"; requested her not to call at his home at times when Schreitmueller was there; and then stated that his promise to give her his property would be carried out. The plaintiff testified that her services were partially but not fully terminated in 1931, that she performed services "off and on" after 1931; that her visits thereafter were social; that she did whatever he wanted her to do; that subsequently to

September, 1931, she brought food to his home; that she called at his home once a week and whenever he instructed her to do so; and that she did not charge for services rendered since 1931. The judge remarked that the specifications stated that the plaintiff was claiming compensation for the period ending in September, 1931. Thereupon the plaintiff's counsel stated: "That is when the services ended," and the judge said: "All right." Schreitmueller stated in her deposition that in May, 1927, shortly after the death of Mrs. Castor, she heard Castor tell the plaintiff that he assumed that he would not see her so much, but she told him that she would continue to call just as before; that "Castor tried in every way to get out of it but she insisted thereon"; that Castor did not enjoy the visits of the plaintiff; and that, although he often hinted "whether she did not want to stay away," the plaintiff insisted upon coming to his home.

The contract which the plaintiff alleges she made with the testator became unenforceable in so far as it provided for the payment of her services by a testamentary provision, where, as here, the statute of frauds is set up in the answer; but upon full performance of the contract she could recover the value of her services on the ground that the promised consideration had not been paid. *Donovan* v. *Walsh*, 238 Mass. 356. *Dixon* v. *Lamson*, 242 Mass. 129. *Raine* v. *Shea*, 259 Mass. 412. *Rizzo* v. *Cunningham*, 303 Mass. 16.

While inability to perform on account of illness or disease is a sufficient excuse for further performance, yet the voluntary and deliberate refusal of one to continue to furnish services in accordance with the contract, in the absence of any justification based upon the conduct of the other, will bar recovery not only under the contract but also upon a quantum meruit for the value of the services already rendered. *Stark* v. *Parker*, 2 Pick. 267. *Olmstead* v. *Beale*, 19 Pick. 528. *Davis* v. *Maxwell*, 12 Met. 286. *Homer* v. *Shaw*, 177 Mass. 1. *Sipley* v. *Stickney*, 190 Mass. 43. *Smedley* v. *Walden*, 246 Mass. 393. *Divito* v. *Uto*, 253 Mass. 239. *Glazer* v. *Schwartz*, 276 Mass. 54.

If we assume that the declaration in defining the period during which services were rendered as from September, 1913, to September, 1931, should be construed as meaning that the plaintiff was making claim only for services rendered between those dates and not as showing that none were rendered after the last date, and if we further assume that the plaintiff was not bound by the reply of her counsel to the judge that her services ended on the last mentioned date, *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207; *Mitchell* v. *Walton Lunch Co.* 305 Mass. 76, yet upon the plaintiff's own testimony she began to diminish her services in or before September, 1931, and finally ceased to perform shortly thereafter. She gave no reason for her action. Even if the testator might have been willing to consent to a discontinuance of her services, there is no evidence that he prevented her performance of the contract or that any conduct on his part would justify her in terminating performance. The testimony would not support an inference that he forbade her to come to his home unless he requested her to do so, and the evidence that she went for a short time after September, 1931, when he instructed her to do so was not sufficient to show that the contract had been changed, in the absence of any testimony that she was not to go unless instructed, or that there was any such understanding between them, or that the necessity for instructions was not due entirely to her having begun to abandon her duties, or that they had ever talked about any contractual relations after May, 1928, when he suggested that he would like her not to come to his home when Schreitmueller was there. There was testimony that Schreitmueller was in Germany from January, 1931, to June, 1932. There was no evidence that she was at Castor's home in September, 1931. The plaintiff, who must have known why she quit performance, did not testify as to her reasons for doing so or why, if she performed some services after September, 1931, she did not intend to charge for them. There is nothing whatever to show the happening of any event on or about the last mentioned date that would effect a change in the relations between the plaintiff

and the testator. The testimony, viewed in the light most favorable to the plaintiff, is no more consistent with her contention that she quit performance for a reasonable cause than it is with the defendant's contention that she voluntarily and without legal excuse ceased further performance of the contract. Such testimony is insufficient to sustain the burden resting upon her to prove that her failure to render further services was not due to her default. *Smith* v. *First National Bank in Westfield,* 99 Mass. 605. *Homer* v. *Shaw,* 177 Mass. 1. *Childs* v. *American Express Co.* 197 Mass. 337. *Frati* v. *Jannini,* 226 Mass. 430, 434. *Lynch* v. *Culhane,* 237 Mass. 172. *Divito* v. *Uto,* 253 Mass. 239.

> *Plaintiff's exceptions overruled.*
> *Defendant's exceptions waived.*