Massachusetts Catholic Order of Foresters
*vs.* Anna T. Griffin.

Suffolk. February 8, 1950. — March 7, 1950.

Present: Qua, C.J., Lummus, Ronan, Spalding, & Counihan, JJ.

*Accounting. Fraternal Benefit Society.*

Upon an appeal by the defendant in a suit in equity by a fraternal benefit corporation against a former financial secretary of a subordinate lodge of the plaintiff for an accounting of money collected by the defendant from members of the lodge, analysis of detailed findings by a master required affirmance of an interlocutory decree confirming his report and of a final decree ordering the defendant to pay a balance found by the master due to the plaintiff.

Bill in equity, filed in the Superior Court on June 6, 1947.

A motion to recommit the report of the master was heard and denied, and an interlocutory decree was entered con-

firming the report by *Swift*, J., and a final decree was entered by order of *Forte*, J.

*L. J. Gordon*, for the defendant.

*J. A. McVeigh*, for the plaintiff.

RONAN, J.   This is a suit in equity by a fraternal benefit corporation against a former financial secretary of St. Valerian Court No. 111, a subordinate lodge or court of the plaintiff, for an accounting of moneys collected and received by her from the members of said court during the period while she was acting as such officer.   The suit was heard by a master whose report has been confirmed, and a final decree has been entered ordering the defendant to pay the amount found due by the master.   The defendant appealed from an interlocutory decree overruling her exceptions to the master's report and confirming the report and denying her motion to recommit to the master, and also from the final decree.

It was the duty of the defendant to collect all sums due from members and to turn the money over to the treasurer of the court.   She kept a ledger and cash book in which she was supposed to keep an account of all moneys collected and all sums transferred to the treasurer.   She was also required to fill in billing sheets which were really master sheets showing the exact financial standing of each member of the court. Moneys collected by the defendant fell into four classes: payments to the mortuary fund, per capita assessments, reserve fund assessments and monthly dues of twenty-five cents.   These dues were retained by the court and were used for its maintenance.   The money collected from dues was the property of the court and not of the plaintiff, but the collections from the other three classes belonged to the plaintiff.   The master included in his accounting all funds collected by the defendant and credited her with all funds turned over to the treasurer.   He then eliminated from the accounting all matters dealing with dues, leaving the accounting dealing only with moneys collected by the defendant which belonged to the plaintiff and crediting her with such sums as she turned over to the treasurer of the

court for transmission to the plaintiff. The accounting, therefore, was properly narrowed down to determine the indebtedness, if any, owed by the defendant to the plaintiff arising out of her collections of funds of the three classes mentioned which were the property of the plaintiff.

The master found that for the period starting with December 31, 1942, and ending with June 30, 1946, when the defendant relinquished her office, she was chargeable with the following collections: mortuary fund $45,528.45, per capita assessments $1,089, reserve fund assessments $3,890, dues $3,991, other receipts $317.99, or a total of $54,816.44. For the same period he found that she should be credited with the following sums, $39,679.13, $934.50, $3,343.75, $3,409.75 and $317.99, respectively, against the items just mentioned which he had charged against her, thus giving her a total credit of $47,685.12 and leaving a gross balance of $7,131.32 in favor of the plaintiff. This balance was further reduced by eliminating all charges and credits as to dues and by crediting the defendant with two bank deposits and a few miscellaneous items concerning which there seems to be no dispute, leaving a net balance of $4,213.40 due from the defendant to the plaintiff. The master attached to his report a comprehensive tabulation showing all the various items included in his computation of this net balance. The computation upon its face appears to be accurate, correct and complete.

The defendant, although contending that the master should not have concerned himself with the moneys collected as dues as they belonged to the court, seizes upon a statement made by the master to the effect that an audit for the period from January, 1943, to June 30, 1946, "revealed cash receipts by the plaintiff from the court totaling" $47,685.12, leaving a balance to be accounted for of $7,131.32, and consequently the defendant argues that she should therefore be credited with the entire amount of $47,685.12. The quoted statement occurs in that part of the report where the master, after determining the gross amounts chargeable to the defendant, directed his attention to the amounts paid over by her to the court and arrived at the gross balance of

$7,131.32, which was the difference between what she collected and what she paid out. This statement of the master, that the plaintiff received $47,685.12, is not accurate for it plainly appears from an examination of the entire report together with the tabulation that the sum of $47,685.12 was the total amount of the moneys which were turned over by the defendant to the treasurer of the court and not the amount turned over by the court to the plaintiff. This figure represents the total credits the master found the defendant was entitled to have. Moreover, this figure included $3,409.75 for dues collected by the defendant. The defendant does not directly and specifically charge that any collection of dues was paid to the plaintiff although she seeks a credit of $47,685.12 which, as we have said, includes an item for dues. In the next place, this is an accounting not between the plaintiff and the court but between the plaintiff and the defendant for moneys belonging to the plaintiff which she collected and has not turned over to the plaintiff. Finally, the matter of dues having been entirely eliminated from the accounting, the defendant can hardly claim any credit against the plaintiff for dues collected which were the property of the court.

We are satisfied that the ultimate finding of the master in settling the account was not erroneously affected by the statement which the defendant seizes upon, and that there is no need to recommit the report. *Dolphin* v. *A. C. Lewis Leather Co.* 269 Mass. 132, 148. Compare *Hennessey* v. *Preston*, 219 Mass. 61, 63; *Lydia E. Pinkham Medicine Co.* v. *Gove*, 303 Mass. 1, 9; *Perkins* v. *Becker's Conservatories, Inc.* 318 Mass. 407, 412.

There is nothing in the exceptions to the master's report which calls for any discussion. None of them touches the matter with which we have dealt. The record does not show that the judge was wrong in denying the motion to recommit. There was no error in entering the interlocutory decree overruling the exceptions and denying the motion to recommit, and that decree is affirmed. The final decree is also affirmed with costs.                          *So ordered.*