Northern District

No. 5166

## JOSEPH SACCO
v.
## SYDNEY MARKS

(March 4, 1958)

*Present:* ENO, P. J., BROOKS AND NORTHRUP, JJ.

Case tried to SANTORELLI, SP. J., in the District Court of Somerville. No. 72271.

*Eno, J.* This is an action of contract by which the plaintiff seeks to recover the sum of $585.00 for work and labor erroneously stated in his declaration

as "merchandise sold and delivered." However counsel for the defendant waived this defect in open court before this division. The answer contains a general denial and a plea that if the defendant "made any undertaking to the plaintiff, the same was to answer for the debt, default or miscarriage of another, and was oral and void."

The reported evidence is as follows:

"One Onorato, a builder and contractor, owned a piece of land in Brookline, upon which he was building a house. The plaintiff contracted with him to tile the walls and floors of three bathrooms therein. For this, he was to receive $850.00. The plaintiff, having done the wiring and applied the cement, stopped work, as he had received no money. The value of the work done and materials supplied to that point was $70.00.

Sometime prior to this, the said Onorato had made a contract with the defendant by which the defendant, on completion of the house, was to receive a deed thereof.

As construction went on, Onorato, being in straitened circumstances, made an assignment for the benefit of creditors, having previously deeded the house to the defendant. The defendant told the plaintiff not to worry about his money, but to finish the job.

The plaintiff resumed his work; and having partially tiled the walls of the bathrooms, stopped work because he had no money. No part of the floors was tiled. The value of all the work done and materials supplied to that point was $585.00, which included the $70.00 representing the work done and materials supplied before Onorato deeded the land to the defendant."

The trial judge refused to give the following requests for rulings of the defendant:

1. The evidence does not warrant a finding for the plaintiff.

2. If there is any express or implied promise to pay, it is to pay the debt of another, is oral and void.

3. The evidence, under the pleadings, does not warrant a finding for the plaintiff.

4. The evidence, under the pleadings, does not warrant a finding for the plaintiff for any services rendered to the defendant.

The trial judge also made a finding of the above facts reported as the evidence, and other facts which are discussed below.

"As the statute of frauds was pleaded, the burden rested upon the plaintiff either to prove a memorandum sufficient to satisfy the statute (of Frauds) or to prove an original promise by the defendant to which the statute does not apply. *Kalker v. Bailen*, 290 Mass. 202, 205.

In the case now under consideration there was no evidence of any memorandum, so it is necessary to see if the evidence warranted the trial judge to find as he did "that the defendant promised to pay the plaintiff for the balance of the work and materials if the plaintiff completed the job of installation of tile; that the plaintiff relied on this promise and continued to supply necessary labor and materials to the defendant; that the defendant refused and failed to pay the plaintiff a payment of $500.00 when it was due and demanded." If there was any such evidence it does not appear in the report, which states that it "contains all the evidence material to the questions reported." The only evidence involving the defendant in the report is that he "told the plaintiff not to worry about his money, but to finish the job."

If we assume without deciding, that the promise of the defendant was not one to answer for the debt of another within G. L. c. 259, §1 (see *Colpitts v. L. C. Fisher Co.*, 289 Mass. 232) his only promise was one implied that he would pay after the job was completed as specifically found by the trial judge.

Nothing appears in the reported evidence, by which we are bound, that would warrant the judge's finding that the defendant agreed to pay the sum of $500.00 or that it was due when demanded. This latter finding is inconsistent with the prior one, which, we think, is the correct one.

 The evidence did not warrant a finding — and the plaintiff does not contend — that the contract was fully performed by the plaintiff, *Hub Construction Co. v. Dudley Wood Works Co.*, 274 Mass. 493, 495, nor that he substantially performed his agreement, that he attempted in good faith to perform it completely, (*Bowen v. Kimball*, 203 Mass. 364, 370, 371; *Hennessey v. Preston*, 219 Mass. 61, 63; *Divito v. Uto*, 253 Mass. 239, 242, 243; *Reynolds v. Cole*, 272 Mass. 282, 285) that is, that he had an honest intention to go by the contract, (*Hayward v. Leonard*, 7 Pick 180, 186) and acted in accordance with such intention (Handy v. Bliss, 204 Mass. 513, 518; *Lynch v. Culhane*, 241 Mass. 219, 222.)

All that the evidence shows is that he did some work and that because "he had (received) no money" he did not complete the work which he undertook to do.

Not having performed his part of the agreement the plaintiff was not entitled to recover in *quantum meruit* for what he did, and it was prejudicial error for the trial judge to deny the defendant's first request.

The finding for the plaintiff is to be vacated and a new finding is to be entered for the defendant.

Ronald D. J. Soloman, for the plaintiff.
James D. Casey, for the defendant.