ULYSSES G. EASTMAN *vs.* CHESTER C. STEADMAN.

Middlesex. October 10, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil*, Amendment, Report. *Contract*, Performance and breach, Building contract.

An action came before this court upon an exception by the plaintiff to the ordering of a verdict for the defendant. This court decided that the cause of action set forth in the declaration was not supported by the evidence and overruled the exception. The plaintiff thereafter filed a motion in the trial court to amend the declaration by making it conform to the cause of action which, he contended, was disclosed by the evidence at the trial. The trial judge denied the motion and reported the denial to this court with a stipulation that, if the denial were erroneous, the motion was to be allowed and a new trial to be had. The report stated that the trial had proceeded throughout as if the amendment sought to be made had in fact been made; that the evidence taken had been dealt with as though the declaration contained the amendment; that the judge had made his rulings of law on that basis; and that he was of opinion that no recovery by the plaintiff was, as matter of law, possible upon the evidence under the declaration as so sought to be amended. *Held*, .that

(1) Under G. L. c. 231, § 111, the matter properly was before this court;

(2) The judge properly denied the plaintiff's motion if a new trial, as matter of law, could not result in a different verdict, and an amendment to the declaration would make no beneficial change in the trial;

(3) This court being of opinion that the evidence would not support a verdict for the plaintiff under the declaration as so sought to be amended, the order denying the motion was affirmed.

One, who has agreed with a builder to pay a fixed amount for a completed building and to make payments in instalments from time to time as the work progresses, is not guilty of a breach of the contract if he refuses to advance the amount necessary for the completion of the work or to guarantee payment of that amount to a subcontractor at a moment when the builder is at the end of his resources and unable to go on unless payment or guaranty is made: assuming that such an agreement is sufficiently definite to be enforced as a contract, and is to be interpreted as an agreement to make payments in reasonable amounts and at reasonable times as the work goes on, it cannot imply an obligation to advance or to give a guaranty for work to be performed.

CONTRACT.  Writ dated August 2, 1926.

The first count of the declaration contained allegations that the defendant agreed to pay the plaintiff a certain sum for labor and materials furnished by the plaintiff in the building of a house; that the plaintiff had performed his part of the agreement; and that the defendant owed him a certain balance of the amount agreed upon.  The second count was upon an account annexed for the same balance.

At the trial in the Superior Court before *F. T. Hammond*, J., there was evidence that an oral contract was made between the plaintiff and the defendant whereby the plaintiff agreed to build two houses, each for the same stated price, and the defendant agreed to pay him as the work progressed; and that, by reason of failure of the defendant to make necessary payments, the plaintiff, having finished one house, was unable to complete the other house because he had no money to carry on the construction of both houses and must have payments on account on the houses as the work progressed.  The judge ordered a verdict for the defendant.  The action previously was before this court upon exceptions by the plaintiff, and, in a decision reported in 269 Mass. 250, this court decided that the plaintiff could not recover on either count of the declaration for the reason that he had not fully performed his part of the agreement, and that it was not open to the plaintiff on the pleadings to contend that the defendant was guilty of a prior breach of

the agreement by his failure to make the payments, whereby the plaintiff was excused from performance; and the exceptions were overruled.

Thereafter the plaintiff filed a motion in the Superior Court to amend the declaration by adding a count setting forth the agreement to build two houses for the defendant and further alleging that the plaintiff "furnished labor and material sufficient to complete one house to the satisfaction of the defendant, and completed the second house except for the furnishing and installation of finished plumbing and heating, that at this stage the defendant had paid the plaintiff . . .[a substantial portion of the agreed sum] in various instalments . . .; that thereupon plaintiff made demand on the defendant for further payment of . . . [a certain] sum . . . with which to complete said house as aforesaid, but that the defendant, unmindful of his agreement to pay the plaintiff in instalments as the work progressed, failed and refused to pay this additional sum, in consequence of which non-payment the plaintiff was unable to complete said house except as aforesaid; wherefore the plaintiff says the defendant owes him . . . [a certain] sum . . . for labor and materials expended on said unfinished house for which he has not been reimbursed by the defendant"; and by adding a count upon an account annexed for the same sum. The motion was heard by *F. T. Hammond*, J., and was denied. The judge thereupon reported his order on the motion for determination by this court.

*T. Maher*, for the plaintiff.

*C. C. Steadman*, *pro se.*

WAIT, J. After rescript from this court overruling the plaintiff's exceptions taken at a trial to a jury in the Superior Court, the plaintiff moved, before the trial judge, to amend his declaration to the form suggested in the opinion, 269 Mass. 250, 252, as necessary if this court were to deal with some of the questions which the plaintiff then had argued in his brief and had sought to have considered. The report now before us discloses that the trial to the jury had proceeded throughout as if such

amendment had in fact been made; that the evidence taken had been dealt with as though the declaration contained the amendment; that the judge in remarks to the jury in the nature of a charge had covered the points of law, in what were, in substance, rulings. It sets out these remarks in full, and annexes the bill of exceptions filed in this court. The trial judge, inasmuch as there thus had been a full trial of the facts and issues open upon the declaration amended as suggested, and inasmuch as, in his opinion, no recovery by the plaintiff was, as matter of law, possible upon the evidence under the declaration so amended, denied the motion to amend, and reports his denial. If he was in error, the motion to amend is to be allowed and a new trial is to be had.

The matter is properly before us upon the report. G. L. c. 231, § 111. If a new trial, as matter of law, cannot result in a different verdict, and an amendment to the declaration will make no beneficial change in the trial, both may be denied without error. *Berggren* v. *Mutual Life Ins. Co. of New York,* 231 Mass. 173, 176, and cases there cited.

The principal contention of the plaintiff cannot be sustained. Stated baldly, his proposition is that one who has agreed with a builder to pay a fixed amount for a completed building and to make payments in instalments from time to time as the work progresses, has broken his contract, if he refuses to advance the amount necessary for the completion or to guarantee payment of the amount to a subcontractor at a moment when the builder is at the end of his resources and unable to go on unless payment or guaranty is made. Not one of the many cases cited in his brief is authority for his position. If we assume that such an agreement is sufficiently definite to be enforced as a contract, and is to be interpreted as an agreement to make payments in reasonable amounts and at reasonable times as the work goes on, *Roberts* v. *Havelock,* 3 B. & Ad. 404, it cannot imply an obligation to advance or guarantee for work to be performed. The breach by the defendant relied on by the plaintiff was a refusal to make

such an advance and to give such a guaranty. The trial judge was right in so instructing the jury, and in directing a verdict for the defendant at the trial. He was not in error in refusing an opportunity to have the ruling and direction repeated to a second jury. No claim was made to him or to us that a second trial would develop different facts.

*Order affirmed.*