JOHN E. ANDERSON *vs.* ERHARD SOPP.

Norfolk.  May 19, 1936. — July 1, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Contract,* Construction, Building contract.  *Evidence,* Extrinsic affecting writing.

The construction placed by the parties upon an ambiguous agreement in writing is of weight in determining the proper interpretation of the instrument.

In a contract in writing for the building of a house with provision for partial payments to the builder as the work progressed, a certain ambiguous clause was construed in the light of the subsequent conduct of the parties as allowing the owner to stop the work if unable further to finance it without incurring liability to the builder for failure to complete the contract, but not as allowing the owner to avoid full payment for work already done.

CONTRACT. Writ in the District Court of Northern Norfolk dated September 12, 1934.

The action was heard by *Halloran*, J., who found for the plaintiff in the sum of $663.27. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

*J. J. Curran*, for the defendant.

*B. G. Sykes*, for the plaintiff.

PIERCE, J. This is an action of contract. The declaration is in three counts: the first to recover $600 under a written building contract, the second to recover $600 on a *quantum meruit* for labor performed and materials furnished, and the third to recover $600 on an account annexed, all being for the same cause of action and demanding interest from February 1, 1933. The answer is a general denial. The case comes before this court on appeal by the defendant from an order of the Appellate Division dismissing the report.

Warranted by the evidence printed in the record, the trial judge specifically found "that the parties entered into a written agreement on November 17, 1932 by the terms of which the plaintiff was to build and complete according to specifications and plans a single frame dwelling, having a one car garage underneath the same, on a lot of land owned by the defendant . . . in Norwood, Massachusetts at the agreed price of $3038 to be paid as follows": "$200 when cellar is dug, walls built and is ready for sills; and well is dug to produce water and cesspool built"; "$100 on January 15, 1933, if work on cellar has progressed to the satisfaction of the party of the second part"; "$1100 when house is framed, the roof on and completed"; "$800 when house is completely finished on the outside and is ready for the plaster on the inside"; "$500 when plaster is roughed in and skimmed and plumbing is ready for the placing of fixtures and outlets . . ."; "$338 the balance due on the contract price to be paid when house is completed and ready for occupancy, etc." This agreement was modified by a written amendment on the same date, which reads as follows: "It is mutually agreed that any work performed or any material furnished for the construction of the single

frame dwelling for which said contract provides shall be contingent upon the securing of funds for the financing of same at a date not now determinable, and that such work or such material as may be supplied by the party of the first part of said contract shall not be considered as binding the party of the second part to the completion of the said contract, unless the said party of the second part shall, before the completion of the said work, notify the said party of the first part, in writing, of his, the party of the second part's, intention to proceed with the fullfillment of the contract; In such event and upon receipt of such notification, in writing, the party of the first part, in said contract shall have the right to proceed with the completion of the said contract and shall be entitled to his rights arising thereunder."

Upon the evidence shown by the record the trial judge further found as follows: Labor and materials were furnished to permit the payments and receipt of the first three payments. The first and second payments were made, and $500 in cash was paid by the defendant to the plaintiff and a credit of $3 allowed on the third instalment, leaving a balance of $597 of that instalment which the defendant has not paid. As to said balance to be paid, the defendant informed the plaintiff, after the work was done, that he was looking for a mortgage and did not have any money. The payments above referred to were made as follows: December 23, 1932, $200; January 17, 1933, $100; February 2, 1933, $350; May 2, 1933, $50; and May 27, 1933, $100 — a total of $800. These payments were made from moneys on deposit. The plaintiff did not further perform the contract for the reason that the defendant did not pay the balance due on the third instalment under the contract. The fair market value of the labor performed and materials furnished was $1,701.26. The defendant was fully aware from day to day of the work performed and materials furnished and did not at any time notify the plaintiff to stop work under the contract, because he had hopes of getting a mortgage loan on the property. Although the defendant after reasonable effort was unable to secure a mortgage loan upon the property in question, he did not "exhaust his

opportunity to secure funds . . . through mortgage or sale of other real property which he possessed and to utilize to such extent as they were available funds on deposit in bank" to his credit. The plaintiff had performed the contract on his part to be performed and was entitled to recover under the contract $597, together with $66.27 representing interest thereon, without further performance; or he was entitled to recover on *quantum meruit* an amount greater than the amount demanded by him.

No finding was made upon the third count, and any claim under it appears to have been waived.

At the close of the evidence and before final arguments, the defendant made a number of requests for rulings. Some were given "so far as consistent with facts found"; some were denied generally; and all the others were denied "as not applicable to facts found."

The defendant does not argue that the judge erred in denying any specific request. His brief presents as the main question only the interpretation which should be given to the contract as amended.

The original contract is unambiguous as to the amounts and times of payments by the defendant upon the completion of each instalment by the plaintiff. The amendment does not purport to destroy all effect of the original agreement but merely alters it by express modification. By the first sentence of the amendment it would seem to be provided that the plaintiff was under no obligation to work or furnish materials under the original agreement until the defendant should have obtained funds; the second sentence of the amendment is construed by the defendant to mean that the parties contemplated that the plaintiff might undertake to furnish labor and materials, notwithstanding the defendant did not undertake to assume any liability therefor unless he had obtained funds and felt assured it was safe to proceed, and unless he gave notice in writing to the plaintiff of his intention to proceed. It is the further contention of the defendant that the original agreement and the amendment together should be construed to mean "That the parties were agreed that the defendant was not to be responsible

for any labor and materials furnished by the plaintiff unless
funds were obtained to finance the house, and also unless the
defendant gave notice of his intention to proceed, in writing
to the plaintiff''; that by the terms of the contract as modi-
fied the parties provided for their respective rights and
liabilities in the event of a certain contingency, that con-
tingency being the furnishing of materials and goods by the
plaintiff should the defendant not be able to obtain funds
to finance the undertaking; and also that the defendant had
not given the required notice in writing to the plaintiff of his
intention to proceed.

To meet these positions the plaintiff contends that the
contract as modified shows that the parties contemplated
that the plaintiff was to proceed with the work and furnish
the materials up to the time when the defendant notified the
plaintiff not to continue to furnish labor or materials in the
construction of the building. The plaintiff argues in support
of his position that the defendant would not have paid on
five different occasions $800 if the true construction of the
agreement be that no money was to be paid until finances
were secured by way of a mortgage of the property. To this
last contention of the plaintiff the defendant says that these
payments were voluntary, that they were not required to
be made by the contract, that the evidence of the payments
and the payments themselves were not contradictory to the
terms of the contract and that the evidence of them was not
offered as showing a substitution of a new agreement in place
of the contract, which is plain on its face.

The provisions of the amendment, when the contract is
considered as a whole, are directed merely to protecting
the defendant against being bound in damages for a refusal
to go on with any unperformed parts of the contract unless
he expressly bound himself in writing to do so. It is a rea-
sonable inference that the parties contemplated, as to the
work performed, that the defendant was to be liable under
the terms of the original writing for finished work; and
by way of argument it is said by the plaintiff in support
of such inference that if the parties intended that the de-
fendant was not to be liable for work performed and ma-

terials furnished, that fact, rather than the fact that such work should not bind the defendant to the completion of the contract, would have been the emphatic provision of the amendment.

The agreement and amendment combined, and read without regard to the subsequent action of the parties in relation to it, tends to support the construction which the defendant contends was contemplated by its signers, but the entire agreement is not free from ambiguity, as the defendant argues. It is the rule that the construction placed upon an ambiguous agreement by the parties is of weight in determining the proper interpretation of that instrument whenever that interpretation becomes an issue of fact. *Crowe* v. *Bixby*, 237 Mass. 249, 253. *Wit* v. *Commercial Hotel Co.* 253 Mass. 564, 572. *Holyoke Water Power Co.* v. *Whiting & Co. Inc.* 276 Mass. 528, 539. In the case at bar the uncontradicted evidence shows that the defendant paid for work performed and materials furnished under the first two instalment provisions of the original writing, and that he paid approximately one half of the amount agreed to be paid under the third instalment provision of the original writing. It is plain that the making of the first two payments and the failure of the defendant to order the plaintiff to stop work are consistent with the theory that both parties understood that payment was to follow the doing of the work under each instalment provision until the defendant had no hope of getting a mortgage loan on the property and ordered the plaintiff to stop work. It is to be noted in this connection that there is no evidence that on making the payments the defendant warned the plaintiff that he was doing the work and was furnishing the materials at his own risk of ultimate payment therefor, or that the plaintiff so interpreted the agreement; and no evidence that the defendant, when paying the instalments due under the original contract, told the plaintiff directly or inferentially that these payments were voluntary. Clearly the evidence warranted a finding that the work was done, materials were furnished and payments were made under the original contract. It was a warrant-

able inference from the acts of the parties that they understood the agreement to be the one adopted by the judge. It follows that the findings of the trial judge were right. It is not necessary to decide whether the plaintiff could recover on either the second or third count.

We have considered all points discussed in the defendant's brief and find no reversible error in the action of the trial judge.

*Order dismissing report affirmed.*