Manuel J. Andre *vs.* John J. Maguire & another.

Plymouth. February 8, 1940. — March 27, 1940.

Present: Field, C.J., Donahue, Qua, Dolan, & Cox, JJ.

*Contract,* Implied, Building contract, Performance and breach.

Intentional departures by a contractor from the requirements of a building contract in material respects and without reasonable excuse or assent by the owner precluded recovery by the contractor upon a *quantum meruit* even if the contract was substantially performed and the contractor had made certain changes desired by the owner at extra cost to himself and without extra charge.

Contract. Writ in the District Court of Brockton dated January 4, 1939.

On a report by *Murphy,* J., who found for the defendants on the first count, and for the plaintiff on the second and third counts of the declaration, the Appellate Division for the Southern District ordered the findings on the first and second counts affirmed and the finding on the third count vacated and a finding for the defendants thereon entered. The plaintiff appealed.

---

The case was submitted on briefs.

*E. J. Campbell,* for the plaintiff.

*J. R. Wheatley,* for the defendants.

QUA, J. A building contractor brings this action in three counts against the owners of a house which the plaintiff agreed in writing with the defendants to construct according to certain plans and specifications for an entire price of $5,675. The first count is on the written contract. The second count is for extras. The third count is on a *quantum meruit* for labor and materials furnished in the construction of the house. After a finding for the defendants on the first count and for the plaintiff on the second count, the question still in dispute is whether the plaintiff can recover on the third count for building the house.

The law has long been settled in this Commonwealth, in relation to building contracts, that a contractor cannot recover on the contract itself without showing complete and strict performance of all its terms, but that, failing in such complete performance of the contract, he may recover on a *quantum meruit,* if he can prove both substantial performance of the contract and an endeavor on his part in good faith to perform fully, and the burden is upon him to prove both. *Hayward* v. *Leonard,* 7 Pick. 181. *Bowen* v. *Kimbell,* 203 Mass. 364, 371. *Divito* v. *Uto,* 253 Mass. 239. *Zarthar* v. *Saliba,* 282 Mass. 558, 561. In the absence of special exculpating circumstances an intentional departure from the precise requirements of the contract is not consistent with good faith in the endeavor fully to perform it, and unless such departure is so trifling as to fall within the rule *de minimis,* it bars all recovery. *Sipley* v. *Stickney,* 190 Mass. 43, 46. *Lynch* v. *Culhane,* 237 Mass. 172, 175. *Smedley* v. *Walden,* 246 Mass. 393, 400. *Glazer* v. *Schwartz,* 276 Mass. 54, 57.

In the case at bar, the testimony of the plaintiff himself, by which he is bound, discloses numerous instances of intentional departures from the specifications. It does not appear that the defendants assented to these departures, and there was no evidence of any reasonable excuse for them. Some, if not all, of these departures were in matters

of sufficient substance to be proper subjects of litigation. Some of them saved cost to the plaintiff and lowered the quality of the work. Even if we assume that substantial performance of the contract could be found, the evidence would not warrant a finding of an endeavor in good faith to perform in all respects. *Hub Construction Co.* v. *Dudley Wood Works Co.* 274 Mass. 493, 496. The case is distinguishable in this respect from *Zarthar* v. *Saliba,* 282 Mass. 558, 561, and *Morello* v. *Levakis,* 293 Mass. 450, 453, cited by the plaintiff. See *Soares* v. *Weitzman,* 281 Mass. 409.

The fact that the plaintiff made certain changes in the building desired by the defendants at extra cost to himself but without extra charge to them does not alter the defendants' rights. A contracting party cannot thus at his own option substitute generosity in some particulars for performance of his contract in other particulars. The right of the owner to obtain what he contracted for can be protected and secured only by enforcing the general rules in cases to which they are properly applicable.

The Appellate Division rightly directed that a finding be entered for the defendants on the third count. G. L. (Ter. Ed.) c. 231, §§ 110, 124.

*Order of the Appellate Division affirmed.*