Rollins, J.
The plaintiff, a musician, brings this action of contract against the defendant, at a Night Club, seeking damages for his alleged wrongful discharge under an agreement to play the saxophone during the summer season o!f 1946.
The defendant’s answer admits the agreement and the discharge, but denies that the latter was wrongful.
The material facts are as follows:
On June 22, 1946 the parties entered into a written contract whereby the plaintiff agreed to play the saxophone every night at the defendant Night Olub at' Provincetown, Massachusetts, from July first to the first week in September, 1946, and the defendant agreed to pay the plaintiff for so doing, wages of $55. per week. While the written agreement did not set forth the hours the plaintiff was to play it was understood these were to be from 8:30 p. m. to 1 a. m.
*120 The plaintiff failed' to play on July 5, 1946. On the following night, when he reported for duty, he was discharged by the defendant on the ground that “he did not show up on the preceding night and broke his .contract.”
The facts surrounding the plaintiff’:s failure to play on the night of July 5th are as follows:
The plaintiff owned a speed boat which was in Buzzard’s Bay. On the morning in question he left Province-town to get the 'boat and bring it back to Provincetown for use during the summer.
While passing through the Cape Cod Canal the boat developed engine trouble and the Coast Guard towed the boat to the .station at the easterly entrance of the Canal. This is about 25 miles from Provincetown. The engine was temporarily repaired and at about 12 noon the plaintiff left in it for Provincetown. There was a telephone at the Coast Guard Station but the plaintiff did not use it to tell the defendant what had occurred. The plaintiff was then of the opinion that he had ample time to reach Province-town. On the way across- the bay to Provincetown the engine again broke down. The plaintiff finally fixed it and arrived in Provincetown at about 9 p. m. On arrival there the boat was leaking badly and the defendant beached her.
After caring for his boat and leaving in it charge of his brother, the plaintiff went to his home, arriving there about 10 p. m. The plaintiff never notified the defendant, by telephone, or otherwise, that he had arrived in Province-town and he never went to the defendant Club.
About an hour before the plaintiff arrived his wife called up the defendant Club and talked with one DeiMello, the owner of the Club, and told him she was- worried because her 'husband was out in a 'boat and had not returned. DeMello told her “not to worry.”
*121 The .plaintiff duly filed eighteen requests for rulings of law. Bequests numbers 2, 3 and 1,1 were waived. On the remaining requests the trial Court acted as follows:
Numbers 4 and 12 were granted and all the remaining requests were denied, with reasons given for such denials.
The trial judge found for the defendant on all counts of the plaintiff’s declaration.
The plaintiff claiming to be aggrieved by the rulings on his requests, the case is reported to this Appellate Division for determination.
If one party to a contract commits a breach of his obligations and such breach goes to the essence of the contract, he cannot recover. Furthermore if such party voluntarily - and intentionally commits a breach of his obligation, even, though such breach does not go to the essence of the contract, he cannot recover. Sipley v. Stickney, 190 Mass. 43, 47, 48, Andre v. Maguire, 305 Mass. 515, 516, Jackson, v. Boston Safe Dep. Co., 310 Mass. 593, 595, LeBel v. McCoy, 314 Mass. 206, 209.
The law relative to the voluntary and intentional breach is well set forth in the case of Andre v. Maguire, supra, where the Court, on page 516 states as follows:
‘‘‘In the absence of special exculpating circumstances an intentional departure from the precise requirements of the contract is not consistent with good- faith in the endeavor' to fully perform it, and unless such departure is so trifling as to fall within the rule de minimis, it bars all recovery. ’ ’ It might be difficult for us to' find, as- did the trial judge, that the f allure of the plaintiff to play on the night of July 5, one night out of the 54 to 62'on which he had agreed to perform, constituted a breach,going to the essence of the contract. ' -
But we are not obliged to pass upon this aspect of the question as we do agree with the finding of the trial judge *122 that the failure to play on this one night constituted a wilful and intentional ¡breach. We further conclude from the evidence that such breach was not so trifling as to fall within the rule de minimis. We base these conclusions, not on the failure of the plaintiff to telephone the defendant at noon telling him of the breakdown, his location, and his hope to arrive at the Club in due season, although this would have been the wise and prudent thing to do, but rather it was the plaintiff’s course of conduct after his arrival in Provincetown that convinces us1 that the breach was wilful and intentional. His neglect to report to the Club and play the greater part of the evening was bad enough, but his failure to even telephone or otherwise communicate with the defendant on his arrival or during the evening evinces a callous disregard of his obligations and of the defendant’s rights. It cannot be said that the breach was trifling. The defendant’s officers may well have considered that the plaintiff’s actions stamped him as an irresponsible employee upon whom no reliance could be placed.
The fact that De Mello, the owner of the defendant Club told the plaintiff’s wife “not to worry” cannot be construed as excusing the plaintiff from playing. These words, as used under the circumstances, indicated only an intent to assure the wife that the plaintiff was not in danger.
Plaintiff’s request for rulings numbered 7 reads:
“The plaintiff’s breach . . . was neither wilful nor intentional. ’ ’
•It was properly denied. It is unnecessary to consider the other requests for rulings.
There was no prejudicial error and the order must be Report dismissed.