*Southern District*

No. 9363

**KENNETH W. TRIBOU**

v.

**KENNETH W. BURRILL**

*Present*: Nash, P. J. and Sgarzi, J.

Case tried to CALLAN, J., in the Fourth District Court of Plymouth. No. 9363.

*Sgarzi, J.* The plaintiff is a builder who entered into a written contract to build a house for the defendant for $10,450. The contract provided for a certain schedule of payments as follows:

25% when building is up, boarded in and roof finished —       $2612.50
30% when finished outside, in-

terior roughed, with sheetrock, pine panel, and rough plumbing and wiring — $3135.00
10% when standing finish is up — $1045.00
25% when house is finished, ready for painting and paper hanging — $2612.50
10% when house is finished to comply with contract — $1045.00

The plaintiff, alleging breach of contract by the defendant, seeks to recover the sum of $4305.90 for labor and materials furnished.

*There was evidence that* the work called for in the first item of the schedule in the contract was performed by the plaintiff and the defendant paid him the sum of $2612.50. About February 1, 1957 the plaintiff claiming to have performed the work called for in the second item requested payment of the sum of $3135.00. The defendant who had obtained a mortgage loan from a bank requested the bank to advance the funds required for the payment but the bank was unwilling to advance the full amount. The plaintiff was not a party to the mortgage loan arrangements between the defendant and the Bank.

The defendant alleged that the plaintiff was not entitled to the second payment because he had not fully performed the work contemplated in the contract. There was evidence that at this time six conductor pipes had not been installed, only one coat of paint had been applied to the trim, window blinds had not been installed and certain other work had not been performed. There was further

evidence that the value of these items was not more than $100.00.

At the conclusion of the evidence both parties filed requests for rulings of law and the case is before this Division because the defendant claims to be aggrieved by the denial of his requests of rulings numbered 1 B and 5 and the granting of plaintiff's requests numbered 1 and 2.

Defendant's request 1 B was that there could be no recovery on a *quantum meruit* and 5 that "on all the evidence the plaintiff cannot recover on the contract."

Plaintiff's requests were (1) The evidence is sufficient to warrant a finding for the plaintiff on a *quantum meruit,* and (2) The evidence is insufficient to warrant a finding for the defendant.

Defendant's request No. 5 was properly denied since it did not specify the grounds upon which it was based as required by Rule 27 of the Rules of District Courts. *Gibbons v. Denoncourt,* 297 Mass. 448; *Okin v. Sullivan,* 307 Mass. 227.

In a situation involving a building contract, where there has been a breach by the defendant owner, the law will allow recovery by the plaintiff builder on *quantum meruit* if there has been substantial performance by the plaintiff and he has acted in good faith. *Andre v. Maguire,* 305 Mass. 515; *Hayward v. Leonard,* 7 Pick. 180.

Whether there has been a substantial performance is a question of fact and is to be determined with reference to the entire con-

tract and what has been done or omitted to be done under it. *Glazer v. Schwartz,* 276 Mass. 54; *Bowen v. Kimball,* 203 Mass. 364; *Smedley v. Walden,* 246 Mass. 393.

Also the question of good faith is one of fact to be decided by the judge. *Andre v. Maguire,* 305 Mass. 515; *Blood v. Wilson,* 141 Mass. 25.

The judge found for the plaintiff and assessed damages in the amount of $4305.90. He found that the second stage of the contract was substantially performed by the plaintiff and the further finding of good faith necessary to support the general finding is to be implied. *Morello v. Levakis,* 293 Mass. 450; *Dillon v. Framingham,* 288 Mass 511.

There is nothing in the report which would show that these findings were not supported by the evidence or that a contrary finding was required as a matter of law. *Anderson v. Sopp,* 295 Mass. 97; *Monast v. Brodeur,* 329 Mass. 767; *Perry v. Hanover,* 314 Mass. 167.

It follows that the defendant's request numbered 1B was properly denied. What we have said also shows that plaintiff's request numbered 1 was properly allowed and the allowance of plaintiff's request numbered 2 shows no prejudicial error in view of the findings of fact. *Strong v. Haverhill Electric Co.,* 299 Mass. 455; *Bresnick v. Heath,* 292 Mass. 293; *Marquis v. Messier,* 303 Mass. 553.

The report is ordered dismissed.

William DiMarzio, for the plaintiff.
Jerome W. Baird, for the defendant.