*Western District*

**NEW ENGLAND ROOFING CO., INC.**

v.

**GERALD E. BERLYN**

Argued: Dec. 17, 1969 - Decided: Feb. 21, 1970.

*Present:* Garvey, P.J., Sloan, & Dudley, J.J.

Case tried to *Allen, J.,* in the Central District Court of Worcester No. 163953.

*Garvey, P.J.* In this contract action there was a finding for the plaintiff, we assume, on *quantum meruit,* although not so stated in the report. The defendant claimed a report. The judge made the following "findings, rulings and decisions":

"Upon all the credible evidence I find the following:

The defendant was building a house and consulted the plaintiff (a roofing company) with reference to some of the work thereon ... They agreed on $1550. Trouble developed and there were delays, some due to the plaintiff and some were beyond his control. The plaintiff did some of the items in his proposal but did not do others. Among the disputes was a sky dome that was to be installed by the plaintiff. The defendant contended there was to be an "American Cyanamid" dome, the plain-

tiff wanted to install another kind which the defendant refused to accept and had another person install a Cyanamid dome. The plaintiff at the request of the defendant applied two extra coats of material for which the defendant agreed to pay $175. extra. The defendant (sic,) (should be plaintiff) failed to install a copper shower pan which cost $125. The defendant finally had the work completed by another roofing company. Cost for the skylight was $156. and the remainder to finish the job was $521.

The plaintiff discontinued in open court against the defendant Lysen (the general contractor). I find for the plaintiff and against the defendant Berlyn and assess damages at $1058.''

We are of opinion, based on the judge's findings, that there was error in his denial of the defendant's request for rulings of law that the evidence warranted a finding that the plaintiff did not substantially perform its contract. To the denials of these requests the judge added: ''The evidence warrants a finding that the defendant (sic) [plaintiff] did not complete his contract. However, there were (sic) extenuating circumstances and substantial compliance.''[1]

---

[1] This practice is not to be encouraged. It is not clear to us that this was intended to be a specific finding or merely a comment. If it was intended to be a finding it should have appeared in the ''findings.''

Also to his allowance of a request reading: "The evidence warrants a finding that the plaintiff intentionally deviated from the contract by insisting on providing a different sky dome" with the comment "allow under the doctrine in the case of *Ficana* v. *Belleau,* 331 Mass. 80."[2]

The applicable rule of law was most recently restated in *Albre Marble & Tile Co. Inc.* v. *Goverman,* 353 Mass. 546. At page 549 the court said:

> "The law in this Commonwealth in relation to building contracts is that a contractor may recover in *quantum meruit* 'if he can prove both substantial performance of the contract and an endeavor on his part in good faith to perform fully, and the burden is upon him to prove both..... In the absence of special exculpating circumstances an intentional departure from the precise requirement of the contract is not consistent with good faith in the endeavor fully to perform it, and unless such departure is so trifling as to fall with the rule *de minimis,* it bars all recovery. *Andre* v. *Maguire,* 305 Mass. 515, 516."

The harshness of this doctrine that enables an owner to receive the benefit of some of the work without payment was recognized in *Fi-*

---

[2] The *Ficana* case has no application to facts presented in the case under consideration. It involved the rule of damages in an action by an owner against a contractor.

*cana* v. *Belleau,* 331 Mass. 80. But it is still the law. See *V. & V. Construction Co.* v. *McGonagle,* 20 LEGALITE 20.

From the judge's findings, some of which are merely summaries of the evidence, it is not clear to us what he intended to be his ultimate finding on the crucial issues of "substantial performance" and "intentional departure". For these reasons we feel that justice to the parties requires a new trial.

*The finding for the plaintiff is to be vacated and a new trial is ordered.*

VAUGHAN, ESTY, CROTTY & MASON
    of Worcester for the defendant.
SCANNELL, GLICKMAN, FULLER & RAPHAELSON
    of Worcester for the plaintiff.