Chin, J.
This matter is before the court on the parties’ various motions relating to the Master’s Final Report.[1] This matter arises from a contract entered into by the two parties under which the plaintiff Peabody N.E., Inc. (Peabody) was to construct a grit, septage and grease handling facility for the defendant Town of Marshfield (Marshfield). Peabody brought this action seeking to recover monies it claims are due and owing to it for work done on the project.[2] Marshfield challenges this assertion and has filed a counterclaim.[3] The case was referred to a Master pursuant to Mass.R.Civ.P. 53(h)(1). For the following reasons, this matter is recommited to the Master for further findings and modifications to be made in accordance with the following opinion.
BACKGROUND
In 1987, the Massachusetts Department of Environmental Quality Engineering (DEQE)[4] issued an administrative order directing Marshfield to close its landfill septage lagoons by December 16, 1990 because the lagoons posed a threat to Marshfield’s groundwater supplies.
Following the issuance of this order, Marshfield hired the engineering firm of Metcalf & Eddy to prepare plans and designs for the “Grit, Septage and Grease Handling Facility” of the Marshfield Wastewater Treatment Plant (project), as well as to serve as engineers during the project’s construction.
On or about October 23, 1989, Marshfield entered into a contract with Peabody whereby Peabody was to serve as general contractor for the construction of the project. The Contract requires Peabody to complete work on the project in strict accordance with the drawings and specifications and other contract documents and in conformity with the directions and to the satisfaction of Metcalf & Eddy. Peabody was to complete its work by January 27, 1991, and the Contract specifically states that time is of the essence.
For the period ending August 30, 1991, Metcalf & Eddy certified the project as 99.87% complete by measuring the dollar value of completed work against the original Contract price and in October 1991, Peabody notified Marshfield that the project was substantially complete. Marshfield then had Metcalf & Eddy recalculate the percentage complete by using the Contract price as adjusted by change orders, and as a result Metcalf & Eddy did not declare substantial completion until April 23, 1992.
Peabody filed this action seeking to recover monies it claims are due and owing to it for work on the project. Marshfield has brought a counterclaim seeking to recover damages for Peabody’s alleged breaches of the Contract’s terms. Pursuant to an order of the Superior Court dated July 15, 1994 (O’Brien, J.), this matter was referred to a master for Findings of Fact (Facts Final) and Recommended Conclusions of Law. The Master heard some fourteen days of testimony and pursuant to Mass.R.Civ.P. 53(g)(2), submitted to the court a Master’s Final Report containing 449 Findings of Fact with supporting citations and 47 Recommended Conclusions of Law. The court has also been provided with a complete transcript of the proceedings before the Master as well as copies of all exhibits presented during the hearing.
DISCUSSION
A. STANDARD OF REVIEW
Pursuant to Mass.R.Civ.P. 53(h)(1), where a matter is referred to a master to be heard without a jury, “the court shall accept the master’s subsidiary findings of fact unless they are clearly erroneous, mutually inconsistent, unwarranted by the evidence before the master as a matter of law or are otherwise tainted by error *414 of law.” “A finding is ‘clearly erroneous’ when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake had been committed.” Pollock v. Marshall, 391 Mass. 543, 554 (1984) (citations omitted); see also Libman v. Zuckerman, 33 Mass.App.Ct. 341, 343 (1992). Although a master’s general findings of fact are not to be disturbed unless clearly erroneous, where the subsidiary findings of fact are reported, the trial judge is obligated to draw his or her own inferences from those findings. Pollock, supra, at 555. However, “(t]o the extent that the master’s ultimate findings are conclusions of law, they are subject to independent judicial review.” Pollock, supra, at 555 (citation omitted).
B. PEABODY’S AFFIRMATIVE RECOVERY
Marshfield argues that the Master erred in awarding Peabody an affirmative recovery on the grounds that such a recovery is barred by the Master’s finding that Peabody breached the Contract. “The law has long been settled in this Commonwealth, in relation to building contracts, that a contractor cannot recover on the contract itself without showing complete and strict performance of all its terms.” Andre v. Maguire, 305 Mass. 515, 516 (1940). Accordingly, the court, following its review of the entire Master’s Final Report, concurs in the Master’s finding that Peabody did in fact breach a material term of the Contract when it failed to complete work on the project by January 27, 1991. Therefore, recovery may not be had on the Contract.
Peabody’s breach also precludes the application of G.L.c. 30, §39K, which regulates payments to contractors on public construction projects, to the present action. In Acme Plastering Co., Inc. v. Boston Housing Authority, 21 Mass.App.Ct. 669 (1986), the Appeals Court held that a contractor who recovered under a theory of quantum meruit was not entitled to an award of interest under G.L.c. 30, §39K. In reaching this conclusion, the court stated that “the apparent purpose of §39K is to provide a contractor with reasonably current payments for work done in accordance with the contract. The requirements of prompt payment and penalty interest provide incentives for full compliance by the contractor with the terms of the contract.” Id. at 676 (emphasis added). The court reasoned that had the Legislature, which is presumed to have known of the long settled rule that a contractor can only recover on the contract itself where there is strict compliance with all its terms, intended to provide for the recovery of interest where recovery was for work not done under the terms of the contract “it could simply have done so.” Acme Plastering Co. Inc., supra at 675-76.
This same reasoning is clearly applicable to the current matter. Peabody is not entitled to the benefits of the statute’s provisions in light of its failure to complete the project on time. The work was not completed in accordance with the contract. Therefore, to the extent that the Master’s Findings of Fact conflict with the holding above, they are clearly erroneous and the Final Report is recommited to the Master for modification and further findings in accordance with this opinion. However, the fact that Peabody is not entitled to pursue its claim under the terms of the contract does not mean Peabody is completely precluded from recovery in the present action.
A contractor on a building project may collect in quantum meruit “if he can prove both substantial performance of the contract and an endeavor on his part in good faith to perform fully. . .” Andre, supra, at 516; J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793 (1986); PDM Mechanical Contractors, Inc. v. Suffolk Construction Co., Inc., 35 Mass.App.Ct. 228, 230-31 (1993). “In the absence of special exculpating circumstances an intentional departure from the precise requirements of the contract is not consistent with good faith . . . and unless such departure is so trifling as to fall within the rule de minimis, it bars all recovery.” Andre, supra, at 516.
Given his reliance on the contract and G.L.c. 30, §39K, the Master made no specific findings regarding recovery in quantum meruit, including but not limited to whether or not Peabody’s breach was unexcused and whether or not Peabody had a good faith intention to complete the project. Accordingly, the matter is recommited to the Master for such further findings and modifications as are necessitated by the foregoing opinion.
In addition, due to typographical errors, Finding of Fact 374 is to be amended so that the original contract price reads $3,341,000.00 and, subject to further modification by the Master, Conclusion 31 is to be amended to refer to M.G.L.c. 30, §39J.
C. CHAPTER 93A
In Findings 448 and 449 and Conclusion 47, the Master found that certain actions on the part of Marshfield and/or Metcalf & Eddy were made in bad faith, arbitrarily and capriciously and were unsupported by substantial evidence.[5] The Master then determined that these actions amounted to unfair and deceptive trade practices in violation of G.L.c. 93A, §2, and concluded that Peabody was entitled to treble its damages plus attorneys fees.
“Chapter 93A contains no explicit indication that governmental entities are to be liable under its provisions.” United States Leasing Corp. v. Chicopee, 402 Mass. 228, 232 (1988). In addition, the Massachusetts courts have yet to address the question of whether government entities are exempt from liability under c. 93A. They have, however, in various contexts, addressed whether or not such an entity was engaged in “trade” or “commerce” for purposes of the statute. These terms are defined in relevant part as follows:
“Trade” and “commerce” shall include the advertising, the offering for sale, rent or lease, the sale, rent, *415 lease or distribution of any services and any property . . . and shall include any trade or commerce directly or indirectly affecting the people of this commonwealth. G.L.c. 93A, §l(b)
The courts have stated that the key to determining if an activity is “trade” or “commerce” is whether it takes place “in a business context.” Lantner v. Carson, 374 Mass. 606, 611 (1978). Factors to be considered in making this determination include the following: the nature of the transaction; the character of the parties and their activities; whether similar transactions occurred previously; whether the transaction is motivated by business or personal reasons; and whether the participant played an active role in the transaction. All Seasons Services, Inc. v. Commissioner of Health & Hospitals of Boston, 416 Mass. 269, 271 (1993); Begelfer v. Negarian, 381 Mass. 177, 191 (1980).
The court has considered these factors in a number of cases involving government entities. For example, in All Seasons Services, the court held that c. 93A did not apply to a hospital seeking bids for vending machine services, reasoning that the hospital was not a person engaged in trade or commerce. The court noted that the conduct did not occur in a business context because the hospital was a charitable organization, was not seeking to profit from the deal and the transaction was incidental to the hospital’s primary function. All Seasons Services, supra, at 271; see also United States Leasing Corp. v. Chicopee, 402 Mass. 228, 232 (1988) (city officials’ actions with regards to contract for lease of computer system did not constitute “trade” or “commerce” for purposes of c. 93A); Clean Harbors of Braintree Inc. v. Board of Health of Braintree, 409 Mass. 834, 841 (1991) (town board acting in governmental capacity may not bring action under c. 93A, §11).
In light of the above cited decisions, it is clear that Marshfield was not engaged in trade or commerce in making this contract with Peabody and, therefore, is not subject to liability under c. 93A. Marshfield was acting in its governmental capacity and entered into the contract as a result of the DEQE’s administrative order, rather than from any business or profit motive. The Master erred in finding Marshfield liable under c. 93A and in assessing treble damages against Marshfield. Accordingly, Findings 448 and 449 as well as Conclusion 47 are to be stricken from the Master’s Final Report.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Final Master’s Report is recommited to the Master for further Findings of Fact and modification of its Findings of Fact in accordance with this opinion. It is further ORDERED that Findings of Fact 448 and 449 and Recommended Conclusion of Law 31 are to be stricken from the Master’s Final Report. In addition, Finding of Fact 374 is to be amended so that the original contract price reads $3,341,000.00 and, subject to further modification by the Master, Conclusion 31 is to be amended to refer to M.G.L.c. 30, §39J.

The defendant Town of Marshfield has filed the following motions: (1) Motion to Recommit Master’s Report; (2) Motion to Modify Master’s Report; (3) Motion to Strike Master’s Report; and (4) Motion for an Order for Entry of Judgment. The plaintiff Peabody N.E, Inc. has opposed these motions and filed its own Motion for Adoption of the Master’s Final Report. All motions are opposed.

Peabody’s claims include breach of contract, quantum meruit, unjust enrichment, breach of implied warranty, misrepresentation and violations of G.L.c. 93A, G.L.c. 149, §§44A-44L and G.L.c. 30.

Marshfield’s claims include breach of contract, violation of G.L.c. 93A and a claim pursuant to G.L.c. 30, §39F.

Although the DEQE is now known as the Department of Environmental Protection, the court will continue to refer to it as the DEQE for reasons of clarity.

Metcalf & Eddy’s actions are attributable to Marshfield given the nature of their relationship.