Barrett, J.
DISCUSSION
The town of Andover and the architectural firm of Earl R. Flansburgh and Associates, Inc., (ERF&A), are defendants in this action. The other parties named in the complaint, who are members of the town building committee, have been dismissed voluntarily in accordance with a stipulation by both parties that the town is a necessary and appropriate party to this action.
In its complaint, Stone/Congress alleges claims against the town for declaratory judgment, breach of contract, breach of implied warranty, concealed conditions, equitable extension of time of performance, breach of covenant of good faith and fair dealing, and violation of G.L.c. 93A. Stone/Congress also states claims against ERF&A for negligent misrepresentation and violation of chapter 93A.
On November 16, 1994, Stone/Congress submitted its general bid for a project of renovations and additions to the high school in Andover. In making this bid, Stone/Congress relied on the plans, specifications, and addenda prepared by ERF&A on behalf of the town.
The court now finds that the motion of the town to dismiss with regard to Count IV and Counts III and IX is without merit. Closer scrutiny of the G.L.c. 93A claim, however, reveals this CFB contention to have merit, and the court enters partial summary judgment in favor of the town on the question of G.L.c. 93A liability.
The issue here is whether or not the town of Andover was engaged in “trade” or “commerce” when it engaged Stone/Congress to work on the school, or whether, on the contrary, the town was engaged in its governmental function when it made the contract. By the provisions of G.L.c. 93A, the town is liable only if it is engaged in “trade” or “commerce."
Recently the Supreme Judicial Court held that “we need not determine whether and when municipalities and their departments are amenable to the provisions of [G.L.c. 93A].” All Seasons Services, Inc., v. Commissioner of Health and Hospitals of Boston, 416 Mass. 269, 271 (1993). Yet it is precisely this determination which this court is called on to make.
Recently, in a very similar situation the Superior Court determined that a town building project was within the realm of town-governance, when that project was to construct a grit, septage and grease handling facility for the town. Peabody v. Town of Marshfield, Civil Action 91-02514, 4 Mass. L. Rptr. 413 (July 31, 1995). The Superior Court reasoned that “Marshfield was acting in its governmental capacity . . . rather than from any business or profit motive.” Id. at 9-10. The same can be said of Andover, when it chooses to build a school.
ORDER
Summary Judgment is partially awarded for the defendant on Count X of the complaint, relating to G.L.c. 93A.