Chin, J.
This matter arises from a contract entered into by the two parties under which plaintiff Peabody N.E., Inc. (“Peabody”) was to construct a grit, septage, and grease handling facility for the defendant Town of Marshfield (“Marshfield”). Peabody brought suit seeking to recover monies it claims are due and owing to it for work done on the project, and Marshfield challenged this assertion and filed a counterclaim. The Court referred the case to a Master pursuant to Mass.R.Civ.P. 53(h)(1). Upon receiving the Master’s Final Report finding that Peabody materially breached the contract, the Court recommitted the case to the Master for further consideration of the issue of quantum meruit. [4 Mass. L. Rptr. 413.)
Both parties have filed Objections to the Master’s Supplemental Final Report and Motions to Modify the Master’s Supplemental Report and Motions to Enter Judgment. Most recently, Peabody moved this court to reconsider its Order dated July 31, 1995, recommitting the matter to the Master.
For the following reasons, Peabody’s Motion for Reconsideration is DENIED, and Judgment is to enter on the Master’s Report as Modified by this opinion.

FACTUAL BACKGROUND

In 1987, the Massachusetts Department of Environmental Quality Engineering (“DEQE”) issued an administrative order directing Marshfield to close its landfill septage lagoons by December 16, 1990 because the lagoons posed a threat to Marshfield’s groundwater supplies. Following the issuance of this order, Marshfield hired the engineering firm of Metcalf & Eddy (“M&E”) to prepare plans and designs for the “Grit, Septage and Grease Handling Facility” of the Marshfield Wastewater Treatment Plant (“Project”), as well as to serve as engineers during its construction.
*474 On or about October 23, 1989, Marshfield entered into a contract with Peabody whereby Peabody was to serve as general contractor for the construction of the project. The contract required Peabody to complete its work in strict accordance with the drawings and specifications and other contract documents, in conformity with the directions of M&E, and to the satisfaction of M&E. Peabody was to complete its work by January 27, 1991, and the contract specifically stated that time was of the essence.
For the period ending August 30, 1991, M&E certified the project as 99.7% complete by measuring the dollar value of completed work against the original contract price. In October of 1991, Peabody notified Marshfield that the project was substantially complete. Marshfield then had M&E recalculate the percentage by using the contract price as adjusted by change orders, and as a result M&E did not declare substantial completion until April 23, 1992.
Peabody filed this action seeking to recover monies it claims are due and owing to it for work on the project. Marshfield brought a counterclaim seeking to recover damages for Peabody’s alleged breaches of contract. By Order dated July 15, 1994, this Court (O’Brien, J.), referred this matter to a Master for Findings of Fact and Recommended Conclusions of Law. The Master heard some fourteen days of testimony and, pursuant to Mass.R.Civ.P. 53(g)(2), submitted to the court a Master’s Final Report containing 449 Findings of Fact with supporting citations and 47 Recommended Conclusions of Law.
This Court (Chin, J.) was provided with a complete transcript of the proceedings before the Master and all the exhibits presented during the hearing. This Court concurred with the Master that Peabody breached a material term of the Contract when it failed to complete work on the Project by January 27, 1991, and this Court held that since a contractor cannot recover on the contract itself without showing complete and strict performance of all its terms, Andre v. Maguire, 305 Mass. 515, 516 (1940), Peabody therefore could not recover on the contract. However, this Court held that “[a] contractor on a building project may collect quantum meruit ‘if he can prove both substantial performance of the contract and an endeavor on his part in good faith to perform fully . . .’ Andre, supra, at 516,” and recommitted the case to the Master for further findings and modifications relative to quantum meruit, including but not limited to whether Peabody’s breach was excused and whether Peabody had a good faith intention to complete the project. [Peabody N.E., Inc. v. Marshfield, 4 Mass. L. Rptr. No. 19, 413 (January 1, 1996).]
The Master’s Supplemental Findings on the quantum meruit issue include, in part, the following: Peabody substantially completed the contract no later than August 30, 1991; Peabody endeavored in good faith to perform fully the contract; Peabody had a good faith intention to complete fully the project; Peabody refused in good faith to perform extra work. Under Supplemental Recommended Conclusions of Law, the Master held that Peabody could not recover more than the contract price under quantum meruit, and that the measure of Peabody’s recovery under quantum meruit was the total adjusted contract price less Marshfield’s liquidated damages, other applicable deductions, and total payments.
The Master found that the fair and reasonable value of material and labor supplied by Peabody was $3,469,498.00. Marshfield paid to Peabody the amount of $3,198,806.00. Thus the fair and reasonable value of material and labor supplied by Peabody and not paid for by Marshfield was $270,692.00. The Master concluded that since Peabody could not recover more than the total adjusted contract price, the maximum amount that Peabody could recover under quantum meruit was $270,692.00.
The Master then offset Peabody’s recovery under quantum meruit by certain applicable deductions of $4000 and by Marshfield’s liquidated damages of $400 per day for 215 days, or $86,000. The Master found the net amount due and owing to Peabody to be $ 180,692.00, plus interest at the statutory rate of 12% pursuant to G.L.c. 231, §6C, commencing as of January 1, 1992.
The Master left two issues for the Court. First, in the event this Court determines that the law of the Commonwealth does not allow an offset of liquidated damages under a quantum meruit recovery when such damages are incurred as a result of a delay for which the contractor is excused, then such quantum meruit award in the instant case shall be increased by the $86,000 offset. Second, in the event that this Court determines that the law of the Commonwealth provides that the limitation in a quantum meruit damage award includes overhead costs incurred by the contractor where the owner improperly fails to declare the project substantially complete, then such quantum meruit award in the instant case shall be increased by $388,644, representing Peabody’s field and home office overhead costs after August 30, 1991 through April 23, 1992 (see Master’s Report Findings 436 through 440).

DISCUSSION

I. Standard of Review

Pursuant to Mass.R.Civ.P. 53(h)(1), where a matter is referred to a master to be heard without a jury, “the court shall accept the master’s subsidiary findings of fact unless they are clearly erroneous, mutually inconsistent, unwarranted by the evidence before the master as a matter of law, or are otherwise tainted by error of law." “A finding is ‘clearly erroneous’when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Pollock v. Marshall, 391 Mass. 543, 554 (1984) (citations *475 omitted); see also Libman v. Zuckerman, 33 Mass.App.Ct. 341, 343 (1992). Although a master’s general findings of fact are not to be disturbed unless clearly erroneous, where subsidiary findings of fact are reported, the trial judge is obligated to draw his or her own inference from those findings. Pollock, 391 Mass. at 555. However, ”[t]o the extent that the Master’s ultimate findings are conclusions of law, they are subject to independent judicial review.” Id. (Citation omitted.)

II.Reconsideration of the Court’s Recommittal Order

Peabody requests this Court to reconsider its Re-committal Order in light of the recent Supreme Judicial Court case Sutton Corp. v. Metropolitan District Comm'n, 423 Mass. 200 (1996). Peabody argues that, under Sutton, since the contract’s liquidated damages clause provided a specific remedy for Peabody’s delay, Marshfield’s claim cannot be considered a “true” breach of contract claim, but is merely a claim for relief under the contract. Thus, Peabody argues, it did not materially breach the contract.
In Sutton, a contractor discovered a subsurface condition that was different from what was originally anticipated in its agreement with the Metropolitan District Commission (“MDC”). The contractor requested an equitable adjustment to the contract price under the “changed conditions” clause, and sued for breach of contract when MDC refused. The contractor argued that it was entitled to a greater measure of damages than the contract provided because, by denying the claim for an equitable adjustment, MDC committed a “true” breach of contract. The Supreme Judicial Court disagreed, holding that a claim for equitable adjustment under a changed conditions clause is a claim for relief under the contract, and is not a “true” breach of contract claim.
The Supreme Court cites United States v. Utah Constr. & Mining Co., 384 U.S. 394, 404-05 n.6 (1966), for the proposition that “(w]hen a contract makes provision for equitable adjustment of particular claims, such claims may be regarded as converted from breach of contract claims to claims for relief under the contract,” and “[r]ecovery for such claims is limited to the remedies provided in the contract.” Sutton, supra at 213 n.22. However, ”[w]hen a particular claim falls outside the contract, such that it is not redressable under specific contract adjustment provisions, it is a ‘true’ breach of contract claim that may justify an award of damages.” Id.
The doctrine of “true” breach has no bearing on the case law regarding material breach of contract. Peabody refers to “true” breach and material breach as interchangeable terms. This is not the case. In Utah Constr. the Supreme Court explained that:
When a contract makes provision for equitable adjustment of particular claims, such claims may be regarded as converted from breach of contract claims to claims for relief under the contract. For ease of reference we will therefore use the term “breach of contract claims” to refer to contract claims that are not redressable under specific contract adjustment provisions.
Utah Constr., 384 U.S. at 404-05 n.6 (citations omitted). The artificial construct of “true” breach merely serves as a limitation on a private contractor’s ability to seek extra contractual procedures, remedies and damages against a public owner. The longstanding rule that “a contractor cannot recover on the contract itself without showing complete and strict performance of all its terms” set forth in Andre v. Maguire, 305 Mass. 515, 516 (1940), is untouched by the application of the “true” breach doctrine, and therefore Peabody’s motion for reconsideration is denied.

III.Peabody’s Entitlement to Quantum Meruit

A contractor may collect in quantum meruit “if he can prove both substantial performance of a contract and an endeavor on his part in good faith to perform fully.” J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 796 (1986); Andre v. Maguire, 305 Mass. 515, 516 (1940). This Court, in its Memorandum of Decision and Order dated July 31, 1995, instructed the Master to make specific findings of fact regarding Peabody’s quantum meruit recovery.
The Master found that Peabody intended, in good faith, to perform fully, and that Peabody’s failure to perform within the contract time was unintentional. (Supplemental Findings 8-29.) The Master also found that substantial completion occurred on August 30, 1991.
This Court adopts the Master’s report as it finds that Peabody is entitled to quantum meruit recovery, and that such recovery is limited to the contract price. Cass v. Todd, 362 Mass. 169, 174 (1972); Burke v. Coyne, 188 Mass. 401, 404 (1905); Hooper v. Cuneo, 227 Mass. 37, 38-9 (1917).

IV.Marshfield’s Entitlement to Liquidated Damages

In its Contingent Supplemental Findings of Fact #55, the Master provided that “(ijn the event it is determined that the law of the Commonwealth does not allow an offset of liquidated damages under a quantum meruit recovery when such damages are incurred as a result of a delay for which the contractor is excused, then such quantum meruit award in the instant case shall be increased by $86,000 plus applicable interest.”
Several of Marshfield’s objections to the Master’s Supplemental report are that the Master went beyond this Court’s Recommittal Order in finding that Peabody was excused from its material breach because Marshfield contributed to the delay. These objections are overruled because this Court specifically re *476 quested the Master to make findings on whether Peabody’s breach was excused.
Since Marshfield contributed to the delay of the project, it is not entitled to liquidated damages. See United States v. United Eng’g & Constr. Co., 234 U.S. 236, 241-42; Morgan v. Burlington, 316 Mass. 413, 417 (1944). Where there are concurrent delays neither the owner nor the contractor can recover delay damages from the other. See Klingensmith v. United States, 731 F.2d 805, 809 (Fed. Cir. 1984).
Therefore, the $86,000 deducted from Peabody’s recovery by the Master should be added to Peabody’s recovery of $180,692.00 for a total recovery of $266,692 plus interest.

V. Peabody’s Entitlement to Overhead Expenses

In its Contingent Supplemental Findings of Fact #56 the Master provided that “(i]n the event that [this Court] determine[s] that the law of the Commonwealth provides that the limitation in a quantum meruit damage award includes overhead costs incurred by the contractor where the owner improperly fails to declare the project substantially complete, tiren such quantum meruit award in the instant case shall be increased by $388,644, representing Peabody’s field and home office overhead costs after August 30, 1991 through April 23, 1992.”
Having breached the contract, Peabody cannot recover more than the adjusted contract price under quantum meruit. In holding that quantum meruit recovery could not exceed the contract price, the court in Hooper v. Cuneo, 227 Mass. 37, 38-9 (1917), provided that:
The presiding judge having found that they honestly endeavored to perform their express contract, the plaintiffs can recover on the third count on an account annexed for the value of the labor and materials less any deductions necessary to complete the work, but not in excess of the stipulated price.
The Master found that Peabody materially breached the contract, but did perform fully and in good faith. Therefore, Peabody is entitled to quantum meruit recovery, but that recovery does not include any overhead costs.

ORDER

For the foregoing reasons, it is hereby ORDERED that:
1) Peabody’s Motion for Reconsideration of this Court Recommittal Order be DENIED; and
2) the Master’s Final Report and Supplemental Report be adopted as modified by this decision and Judgment enter for Peabody in the amount of $266,692 plus 12% interest, commencing as of January 1, 1992 until paid.